Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Municipal corporations having the care and control of the public streets within their limits are obliged by the laws of the State of Illinois to keep the same in good repair “ for the passage of persons and property,” and in case of neglect any person receiving injury in consequence of any obstruction or defect may have an action on the case to recover compensation for such injuries. Statutes to that effect exist in most of the States, but the principle is now well settled that in all cases where it appears that the obstruction or defect which occasioned the injury was caused, constructed, or created by a third person, the corporation, if it was without their concurrence, may have a remedy over against the party immediately in fault.
 

 Severe injuries were received by one William H. Wood-bury, on the twenty-eighth day of December, 1856, while passing over Wells Street, within the limits of the plaintiff corporation. He sued the corporation in the State court to recover compensation for the injuries so received. Declaration alleged that the defendant in this suit was the owner of a building lot fronting on that street; that in making improvements thereon he wrongfully excavated an area in the sidewalk in front of his lot, and adjoining the same, of great length, width, and depth, and wrongfully suffered it to re
 
 *671
 
 main uncovered and unguarded, so that the injured party, while passing over the sidewalk during the night of that day, and while in the exercise of reasonable care and prudence, fell into the excavation and was greatly injured. Parties went to trial in that suit at the June Term of the court in 1857, and judgment was rendered for the plaintiff in the sum of fifteen thousand dollars damages and costs of suit, which the corporation was compelled to pay.
 

 Present suit was an action on the ease to recover of the defendant, as the party who constructed, caused, or created the obstruction or defect in the street, the amount of that judgment and the expenses of the litigation. Gravamen of the charge in the declaration was that the defendant made the excavation and negligently left it open and unguarded, and that the injury to the plaintiff in the suit against the corporation was caused by that obstruction or defect, and that the defendant by reason of the premises became and was answerable over to the plaintiffs in this suit for the amount-of that judgment, and for their l’easonable expenses in defending the action. Plea was the general issue, and the verdict and judgment at the first trial were for the defendant. Corporation plaintiffs removed the cause into this court by writ of error, and the judgment of the Circuit Court was reversed and the cause remanded for a new trial. Pursuant to the mandate of this court, a new
 
 venire
 
 was issued, and the verdict and judgment at the second trial were for the plaintiffs, and the defendant excepted and sued out this writ of error.
 

 Errors alleged at the trial,* as stated in the bill of exceptions, have respect to so much of the charge of the court as relates to the notice to the defendant of the pendency of the suit in which the injured pai’ty recovered judgment against the corporation, and also to so much- of' the charge of the court as relates to the construction of the area described in the declaration. Exceptions were also proposed to one of the rulings of the court in excluding certain testimony, but the objection appears to have been waived, as it was not made the subject of any consideration in the argument.
 

 
 *672
 
 I. Charge of the court in respect to the notice, to the defendant of the pendency of the suit against the corporation, presents the first question for decision. Preliminary to that part of the charge which is the subject of complaint, the court remarked that although municipal corporations were primarily liable for injuries occasioned by obstructions or defects in their streets or sidewalks, they yet might have a remedy over against the party who was in fault, and who had so used the street or sidewalk as to produce the injury. Instruction was then given to the effect that if the defendant knew that the suit was pending and could have defended it, and it was through his fault that the party was injured, he was concluded by the judgment recovered against the corporation. Express notice, said the presiding justice, was not required, nor was it necessary that the officers of the corporation should have notified him that they would look to him for indemnity. Just exception certainly cannot be taken to those instructions, as they are in precise accordance with what this court decided in this case when it was before the court on the former occasion. Same principle was adopted and applied in the case of
 
 Lovejoy
 
 v.
 
 Murray,
 

 *
 

 in which the leading authorities upon the subject were collated and examined. Conclusive effect of judgments respecting the same cause of action and between the same parties i’ests upon the just and expedient axiom, that it is for the interest of the community that a limit should be opposed to the continuance of litigation, and that the same cause of action should not be brought twice to a final determination.
 
 †
 

 Parties in that connection include all who are directly interested in the subject-matter, and who had a right to make defence, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having those rights substantially are regarded as strangers to the cause, but all wrho are directly interested in the suit and have knowledge of its pendency, and who refuse or neglect
 
 *673
 
 to appear and avail tliemselvos of those rights,, are equally concluded by the proceedings.
 
 *
 

 Evidence in the record shows that the defendant knew that the party was injured by falling into the excavation, and that the action against the'corporation was commenced, that he was informed of the day of trial, that he was requested to assist in procuring testimony, and that he actually wrote to a witness upon the subject. Testimony of the attorney of the corporation shows that he called upon the defendant, soon after the suit was commenced, for the purpose of finding out whether he, the defendant, knew anything, about the case which would be for the benefit of the corporation in preparing the defence, and made inquiries, of him to that effect. Responsive to those inquiries the defendant mentioned the name of a person who was boarding at the same place with the injured party, and whose testimony he,, the defendant, supposed would be of benefit to the corporation, His idea was that the injuries of the party were not as great as he pretended, and for that reason the defendant suggested that the person named would be a good witness for the de-fence, and he agreed to write and get an exact statement of what he would testify if called and examined..
 

 Inquiry was made of the witness if he told the defendant that he was the attorney of the corporation, and he answered that he was not able to say; but he further testified that he had long known the defendant, and that they were intimate acquaintances. Same witness testified that on the day of the trial of that case, or the day before, he met the defendant in the court-house, at the foot of the stairs, and told him that the case was about to be tried.
 

 Surely it cannot be doubted that the evidence justified the instructions, of the court, and, it might be added, if need be, that it fully warranted the finding of the jury. Based on that testimony, the court further instructed the jury that if the attorney of the corporation informed the defendant of the suit and its nature, and of the day of the trial, and con
 
 *674
 
 versed with him about the testimony for the defence, he was as much chargeable with notice as if he had been directly told that he could contest the right of the injured party to recover, and that the corporation would look to him for indemnity in case of an adverse result. Argument for the defendant was that the notice was defective, because the attorney did not specify in what court the suit was pending, but the presiding justice instructed the jury that when 'the defendant was told that the injured party had sued the corporation for the injuries occasioned by his falling into an area which he, the defendant, had built, then it was his duty to have inquired and ascertained in what court the action was to be tried. Knowledge of the pendency of the suit in the most authentic form was-brought home to him, and the legal presumption is that he knew that he was answerable over to the-corporation, and if so, it must also be presumed that he knew he had a right to defend the suit. Being in the court-house on the day the trial commenced, or the day before, and having been informed by the corporation attorney that the case was about to be heard, the defendant cannot evade the effect of the judgment upon the ground that he did not know in which court the case was pending. Persons notified of the pendency of a suit in which they are directly interested must exercise reasonable diligence in protecting their interests, and if instead of doing so they wil-fully shut their eyes to the means of knowledge which they know are at hand to enable them to act efficiently, they cannot subsequently be allowed to turn round and evade the consequences which their own conduct and negligence have superinduced.
 
 *
 

 Decision of this court in this case, when it was here before, was that express notice to the defendant to defend the prior suit was not necessary in order to render him liable to the corporation for the amount of the judgment paid to the injured party; that if he knew that the suit was pending, and could have defended it, he was concluded by the judg
 
 *675
 
 ment as to the amount of the damages, and we adhere to that rule as the settled law of the court.
 

 II. Second exception is even more general in its terms than the first, and might well be rejected on that account as presenting no definite question for the decision of the court. Statement in the hill of exceptions is that the defendant excepts to so much of the charge of the court as relates to the construction of the area described in the declaration, and the record shows that the part of the charge referred to fills more than a page of the transcript, and for the most part is merely descriptive of the circumstances under which the area was constructed.
 

 Purport of the description is that the defendant was engaged in erecting a large and valuable building on his lot, fronting on the east side of Wells Street, and that he caused an area to be constructed in the sidewalk in front of the building, appurtenant to the same, and for its convenience and accommodation.
 

 Prior to that time the corporation had passed an ordinance requiring the grade of this street to be raised, and the work of raising the grade as ordered was accomplished during the summer preceding the accident. Change of grade in the street made it necessary to raise the sidewalk, so that the defendant, in order to construct the area in front of his building, was not obliged to make much excavation.
 

 Declaration alleged that the place for the area was excavated, and the defendant contended that the proofs did not sustain that allegation, as they showed that the depth of the area was chiefly created by filling and raising the sidewalk on each side of it, and not by excavation, as alleged. Charge of the court was that it was immaterial whether the depth of the area was obtained in the one or the other of these modes, or by both, and we have no doubt the charge was correct.
 

 Material matter alleged and in issue'was, that the defendant caused or created the obstruction or defect in the street which occasioned the injury and wrongfully left it open and unguarded, as alleged in the declaration; and if he did so,
 
 *676
 
 it surely was immaterial whethei* he constructed it by excavation or in the manner described by the contractor. Strong effort was made to show in argument that the defendant, in constructing the area, acted under the express orders of the corporation, and consequently that he is not liable in this action. Theory of his counsel is, that inasmuch as the ordinance of the corporation directed the grade of the street to be raised, he but executed the orders of the corporation in doing the work. Suppose all that be granted, still it is evident-that it constitutes no defence to this action. Iiis authority to raise the sidewalk to the new grade is not contested.
 

 Heither the ordinance nor the evidence, however, shows that in excavating, or leaving unfilled, the place for the area, he acted under the directions of the corporation, or that his acts were in any way for their benefit. Absence of objections on the part of the officers of the corporation authorize the presumption that the defendant was not in fault in constructing the area so as to raise the surface to the even grade of the street, and justified the charge of the court, that in constructing it the jury might infer that he acted under their implied license, but no license can be presumed from that fact, or from any other evidence in the case, to leave the area open and unguarded, which was the gravamen of the charge in the declaration.
 

 Instructions of the court were substantially in accordance with those views, and were quite as favorable to the defendant as he had any right to expect.
 

 Remarks already made show that the defendant, in constructing the area, was not constructing a public improvement for the benefit of the corporation, but was constructing a private work exclusively for his own convenience. Attempt is made to give the work a public character, because, in constructing the area, it became necessary to raise the sidewalk to the new grade, but the argument is hardly plausible, and is clearly without any solid foundation. Liability of the defendant, however, was not placed upon the ground that he was not authorized to raise the sidewalk.
 
 *677
 
 On the contrary, the jury were distinctly told that the gravamen of the charge was, not that the defendant was engaged in an unlawful work when he constructed the area, hut the court placed his liability upon the ground that he left the area open and without guards to warn those who had occasion to pass in the street, so that the work, which was originally lawful, became a nuisance and was unlawful at the time of the injury. Correctness of that instruction, in view of the evidence as reported in the transcript, is so manifest that it needs no support.'
 

 Objection is also , taken to the instruction in which the court told the jury that if they believed from the evidence that the area was built under the direction of the defendant, and for his benefit, and that it was left open and without guards, and that the plaintiff in the suit against the corporation, while passing along the street, fell into the area and was injured as alleged, then they would find for the plaintiff. ’Want of reasonable care on the part of the injured party was not alleged in defence or suggested in argument, and instructions as to notice to the defendant of the pendency of the prior suit had been previously given to the jury.
 

 Argument for the defendant is that the instruction as to the liability of the defendant was erroneous. lie contends that the evidence showed that the erection of the building and all the other work, including the construction of the area, was done by an independent contractor, and that the owner of the land, for whose benefit the improvements were made, is not liable in such cases for any such injuries occasioned by an obstruction or defect in the street caused or created by the contractor or his workmen in the construction of such improvements. Two answers may be given to that proposition, either of which is satisfactory—
 

 1. That it assumes a theory of fact which is contradicted . by the evidence.
 

 2. That this court, in its former decision, overruled it as applied to a case where the work contracted to be done was itself of a character necessarily to constitute an obstruction or defect in the street or highway requiring precautions,
 
 *678
 
 care, and oversight, to protect the traveller from danger and injury.
 

 1. Theory of fact assumed by the defendant is not sustained by the evidence. Seven contractors were employed in preparing the lot, laying the foundations, erecting and completing the building, raising the sidewalk, constructing the area, laying the flagstones,- putting in the gratings, and finishing the improvements. Contractor who cQnstructed the area finished his contract prior to the nineteenth day of December, 1856, when he left and went away, and did not return till after the accident.
 

 Uncontradieted evidence was introduced that the defendant frequently visited the premises during the progress of the work, and that the curb-wall was raised eight or nine inches under his special directions, in the latter part of September of that year. Both the area and curb-wall were ready for the flagstones four months before the accident. When the area was completed it was covered with joists, three by twelve inches, but they were afterwards removed, when the gratings were put down, late in the fall, and were never properly replaced. Attention of the defendant was several times called to the dangerous condition of the sidewalk, and the superintendent of public works gave him notice in writing that the area was not properly covered. Ho gave no heed to these repeated admonitions, but insisted throughout that it was the sole business of the contractor, with which he had nothing to do. Such wilful negligence the law will never excuse.
 

 2. Import of the decision of this court in reversing the former judgment of the Circuit Court, and remanding the cause for a new trial, was, that the party contracting for the work was liable, in a case like the present, where the work to be done necessarily constituted au obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless properly guarded or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim of the corporation, or of the injured party, by proving, that
 
 *679
 
 the work which constituted the obstruction or defect was done by an independent contractor.
 

 Strictly speaking, that question was not open in this ease, but the argument was allowed to proceed; and, lest there should.be a doubt upon the subject, it is proper to say that we again affirm the proposition.
 

 Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; hut where the obstruction or defect which occasioned the injury results
 
 directly
 
 from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party.
 
 *
 

 Implied authority was doubtless shown to construct the area, if it was done with proper precautions to prevent accidents to travellers, but no authority to construct it without such precautions is proved or can be presumed; and it is clear that in leaving it open and without guards during the progress of the work, or after its completion, the defendant was guilty of gross negligence, and the structure itself became unlawful. Concede that the defendant might cast the blame on the contractor while the area was being constructed, still it is clear to a demonstration that he cannot successfully make that answer for his own negligence after the work was completed, and the control and oversight of the contractor had ceased.
 

 Looking at the case in any point of view, there is no error . in the record.
 

 Judgment aefiRMed, with costs.
 

 *
 

 3 Wallace, 18.
 

 †
 

 2 Taylor on Evidence, § 497.
 

 *
 

 1 Greenleaf on Evidence,. 12th ed., p. 559.
 

 *
 

 May
 
 v.
 
 Chapman, 16 Meeson & Welsby, 355.
 

 *
 

 Hole
 
 v.
 
 Railway Co., 6 Hurlstone & Norman, 497; Ellis
 
 v.
 
 Gas. Cons. Co., 2 Ellis & Blackburn, 767; Newton
 
 v.
 
 Ellis, 5 Id. 115; Lowell
 
 v.
 
 B. & L. Railroad, 23 Pickering, 24; Storrs
 
 v.
 
 City of Utica, 17 New York, 104.