## W. L. CHALLISS v. JOSEPH McCRUM.

1. CASE, *Followed.* The case of *Challiss v. McCrum,* 22 Kas. 157, referred to, and followed.

2. PROMISSORY NOTE, *Indorsed Without Recourse; Evidence, no Defense.* E. executed a note and mortgage to C.; and M., after the same became due, purchased the same from C., paying to C. the full face value thereof. E. not paying the same, M. commenced an action against E. upon the note and mortgage for the amount apparently due thereon, and made C. a party to the action. E. pleaded usury, and C. pleaded that he had no interest in the matter. E. was successful in his plea of usury, and M. recovered from him only a portion of the amount which appeared to be due on the note and mortgage. Afterward M. sued C. for the difference between the amount recovered from E. and the amount which M. had actually paid to C. on the purchase of the note and mortgage. On the trial, C. offered to introduce evidence tending to show that up to the time of the purchase of the note and mortgage by M., E. was willing to pay the same, and paid the interest thereon; that M. disliked E. and pur-

chased the note, among other things, for the purpose of suing and harassing E., and that after M. purchased the note, E. informed M. that the note was usurious, and tendered an amount to M. which was more than the amount which M. finally recovered of E., less than the amount which M. finally recovered from E., but less than the amount apparently due on the note and mortgage, and less than the amount which M. had paid to C. when he purchased the note and mortgage from C.; but there is no pretense that E. kept the tender good, and it was not shown that M. had any knowledge that the note was usurious prior to the time of the tender. This evidence was objected to by M., and the court below sustained the objection. *Held*, not error; that such evidence did not constitute any defense on the part of C. to the plaintiff's action.

*Error from Atchison District Court.*

AT the November Term, 1880, of the district court, plaintiff *McCrum* recovered a judgment against defendant *Challiss*, who brings the case here. The facts appear in the opinion.

*W. W. Guthrie*, for plaintiff in error.

*W. D. Webb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been to this court, and every question involved therein of any importance has already been decided. (*Challiss v. McCrum*, 22 Kas. 157.)

The facts, stated briefly, are in substance as follows: On December 4, 1871, W. L. Challiss loaned to Edward A. Ege the sum of $250, and in consideration therefor took Ege's note and mortgage, payable to Richard Probasco, or bearer, for the sum of $265, due one year after date, with interest at the rate of 12 per cent. per annum, payable semi-annually. Afterward, and on or about December 10, 1876, Joseph McCrum, through his agent, A. B. Symns, purchased this note and mortgage from Challiss, paying therefor the sum of $305, the full face value of the note at that time. At that time, neither McCrum nor Symns had any knowledge of the usurious character of the note.

<span style="font-variant: small-caps;">Statement of facts.</span>

At the time of the purchase of the note, the note was deposited at Hetherington's bank, and Symns received the note from the bank and paid the money to the bank, and Challiss indorsed the note as follows: "Without recourse.—W. L. Challiss." Afterward, McCrum demanded payment of the note and mortgage from Ege, but Ege refused to pay the same, offering, however, to pay $270 in full payment thereof, and claiming that the note was usurious. McCrum refused to accept that amount, and on July 18, 1877, commenced an action on the note and mortgage against Ege, Challiss and Probasco. Ege answered, setting up the usurious character of the note and mortgage, and asking that judgment be rendered accordingly. Challiss answered, for himself and Probasco, that they had no interest in the matter. At the September term, (September 8, 1877,) judgment was rendered in the case in favor of McCrum and against Ege, for $75.10, that amount being $229.90 less than the face value of the note at the time that McCrum purchased it, and being that much less than he paid for the same. On February 27, 1878, McCrum commenced this action against W. L. Challiss to recover from Challiss the said amount of $229.90, with 7 per cent. interest thereon from December 10, 1876, the time at which McCrum purchased the note and mortgage from Challiss. Challiss answered, setting up various matters not necessary now to mention. A trial was had before the court and a jury, and the plaintiff McCrum proved, in substance, all the foregoing facts. The defendant Challiss then demurred to the evidence, which demurrer was overruled; and then Challiss introduced Ege as a witness, and offered to prove by him the following facts, to wit:

"That he was the maker of the said note and mortgage to Probasco sued on by the plaintiff in the Doniphan county district court, and that from time to time before assignment thereof to the plaintiff he had made payments of interest thereon, and always assented to the same as valid, and was willing to pay the same according to the tenor thereof; and that before the plaintiff purchased said note and mortgage he was hostile to the witness, and frequently threatened him with

trouble, and that soon after his purchase of the said note and mortgage the plaintiff came to said Ege's house and told him that he now owned the said note and mortgage, and that Ege must forthwith pay the same, and if not he would forthwith sue thereon; that Ege told the plaintiff that if he sued he would plead usury and beat him out of all that he could, but if he insisted on payment he would pay as due justly thereon the sum of $270, and then tendered that sum to the plaintiff, which he then refused in an angry manner, and then went away and forthwith commenced suit on the said note and mortgage."

The plaintiff objected to the foregoing evidence, and the court below sustained the objection. Neither party offering to introduce any further evidence, but both parties resting their case, the court instructed the jury, upon request of plaintiff's counsel, to find a verdict in favor of the plaintiff and against the defendant for the sum of $229, with interest thereon at the rate of 7 per cent. per annum from December 10, 1877. The instruction should have been to find a verdict in favor of the plaintiff and against the defendant for the sum of $229.90, with interest thereon at the rate of 7 per cent. per annum from December 10, 1876. But of course the plaintiff in error has no reason to complain of this error. The jury then found a verdict in favor of the plaintiff and against the defendant for $227.09. This verdict was rendered January 19, 1881, and the defendant within proper time made a motion for a new trial; but the court below overruled the motion, and rendered judgment in accordance with the verdict; and of this judgment the defendant below, who is now plaintiff in error, complains.

We shall not reconsider the questions that were before us when this case was formerly presented to us, but shall consider only such as are supposed to be new; and these supposed new questions are really only such as arise upon the offer of the defendant below to introduce the testimony of the witness Ege.

Counsel for plaintiff in error claims in his brief that McCrum did not purchase the note and mortgage in good

faith, but that he purchased them merely that he might "set his thumb-screw in motion" upon Ege, whom he disliked. Now for the purposes of the case, we will suppose that McCrum did in fact purchase the note and mortgage for the purpose among others of suing Ege upon them, and yet we do not think that that would render McCrum remediless as against Challiss. The object for which he purchased them was not illegal; and we do not think that Challiss can interpose such object as a defense. It does not appear that McCrum was in any great hurry, however, in bringing the action after he purchased them. He testified himself upon the trial, among other things, as follows: "I did not bring a suit for some six or eight months after I purchased it." And the dates would seem substantially to corroborate this, and to show that he did not bring the action for over six months after he purchased the note and mortgage. Nor do we think that counsel's illustration of the horse with the "poll evil" is any better than his claim concerning the "thumb-screw." It is not applicable to this case. The plaintiff was not the cause of the note being usurious, while according to the plaintiff's illustration the purchaser of the horse was the cause of the "poll evil" in the horse after he had purchased the same. The tender made by Ege to McCrum of $270 cannot amount to anything, because it was not the amount apparently due on the note, and there is no pretense that Ege kept the tender good. McCrum having purchased the note in good faith, had a right as against Challiss to act and to treat the note and Ege just as though the note was valid in every particular and good for its face value. He had a right to demand all and to sue for all, and a tender for anything less than the full face value of the note and a tender not kept good could not furnish Challiss any defense to the action subsequently brought by McCrum against Challiss for the difference in amount between the face value of the note and the amount collected from Ege. In the action brought by McCrum against Ege and Challiss and Probasco, McCrum recovered from Ege every cent that he could recover from him;

<p style="margin-left:2em"><em>2. Promissory note, indorsed without recourse; evidence, no defense.</em></p>

and as Challiss was a party to that action and interested therein, he is bound by the judgment rendered therein as well as McCrum. (*Strong v. The Phœnix Ins. Co.*, 62 Mo. 289, 295, 296; *Robbins v. Chicago*, 71 U. S. 657.)

There is no room in this case for Challiss to claim that he was an innocent and *bona fide* surety and entitled to the rights of sureties. He knew the note was usurious, and failed to disclose that fact to either McCrum or McCrum's agent before the purchase, and failed to protect McCrum after the purchase.

The evidence clearly shows that McCrum, through Symns, as his agent, purchased the note and mortgage from Challiss, and that at the time neither Symns nor McCrum had any knowledge of the usurious character of the note. Besides, the answer of the defendant virtually admits the purchase. The note did not show upon its face that it was usurious, nor did the indorsements of payments made thereon show that anything was paid in the way of usurious interest. So far as the face of the note and the indorsements thereon were concerned, the note appeared to be perfectly good for the amount which the plaintiff paid for it.

The judgment of the court below will be affirmed.

All the Justices concurring.