## Towle v. Lane & a.

A recovery by an assignee in bankruptcy of a sum paid by the bankrupt upon a debt to one of his creditors, after the commencement of proceedings in bankruptcy, is an extinguishment of the payment, and the debt to that extent is thereby revived.

The bankrupt and any surety for the debt, having seasonable notice of the suit against the creditor for the recovery of the wrongful payment, and opportunity to defend it, are bound by the judgment.

ASSUMPSIT, against Adna B. Lane and Jesse Lane upon a promissory note signed by them and given to the plaintiff, Towle, as collateral security for a note of Adna, of the same amount, of an earlier date. Facts found by a referee. Adna went into bankruptcy, and pending the proceedings he paid a part of the amount due, which Towle indorsed upon the note. Adna's assignee in bankruptcy in a suit against Towle recovered judgment for the amount paid and interest, and the judgment was satisfied by levy on Towle's property. The defendants had seasonable notice of that suit; Towle conversed with them about it, and requested Adna to take care of it; they knew the nature of it, and how its result might affect them; knew the time and place of trial, but had no formal notice to appear and defend it, and did not appear as parties. The defendants confess the balance of the note beyond the sum paid. Towle claims that the recovery by the assignee was an extinguishment of the payment, and that the judgment in that suit is conclusive against the defendants.

*Marston & Eastman*, for the plaintiff. The payment was not a satisfaction, *pro tanto*, of the note. It was the same as a payment in notes believed to be good, but which turned out to be bad. *Roberts* v. *Fisher*, 43 N. Y. 159; *Markle* v. *Hatfield*, 2 Johns. 455; *Lightbody* v. *Ontario Bank*, 11 Wend. 11; *Baldwin* v. *Van Deusen*, 37 N. Y. 487. The money received by the plaintiff was paid back, and Lane's estate in bankruptcy had the benefit of it. It is, in effect, the same as the levy of an execution upon real estate to which the debtor had no title. The execution not being satisfied by such a levy, the judgment remains in force, or is revived by the failure of title.

Adna being in bankruptcy, his assignee stands as his executor or administrator would stand if Adna had deceased, and the bankrupt is bound by the judgment recovered by his representative. *Herndon* v. *Howard*, 9 Wall. 664; 1 Gr. Ev., ss. 536, 538. Jesse does not stand as a surety. The note in suit was pledged as collateral to another note, and being the joint note of both Adna and Jesse, the plaintiff could collect it of either or both, and both are equally bound by the judgment which extinguished the payment. The judgment was recovered upon the ground that the money paid was assets of the bankrupt estate belonging to the assignee. Had the money belonged to any other person, or been no part of the bankrupt's assets, no recovery could have been had. That question being settled by the judgment, the defendants are bound by it. *Robbins* v. *Chicago*, 4 Wall. 657—S. C., 2 Black 418; *Barney* v. *Dewey*, 13 Johns. 226; *Lovejoy* v. *Murray*, 3 Wall. 18; *Boston* v.

*Worthington,* 10 Gray 496; 1 Stark. Ev. 215; *Davies* v. *Lowndes,* 1 Bing. N. C. 597, 607; *Forist* v. *Bellows,* 59 N. H. 229; 1 Gr. Ev., *s.* 527; *Chamberlain* v. *Carlisle,* 26 N. H. 540, 553; *Farwell* v. *Hilliard,* 3 N. H. 318; *Richardson* v. *Wolcott,* 10 Allen 439, 440; *Burnham* v. *Coffin,* 8 N. H. 114; *De Forest* v. *Strong,* 8 Conn. 514; *Jackson* v. *Griswold,* 4 Hill 522, 532; *Ladd* v. *Wiggin,* 35 N. H. 421; *Williams* v. *U. S.,* 1 How. 290, 299, 300; *Clarkson* v. *Beardsley,* 45 Conn. 196; *Bigelow* v. *Lawrence,* 16 Conn. 207, 214; *Bailey* v. *Foster,* 9 Pick. 139; *Dyer* v. *Homer,* 22 Pick. 253, 261; *Spencer* v. *Dearth,* 43 Vt. 98, 120, 121; *Pritchard* v. *Hitchcock,* 6 M. & G. 151; *King* v. *Norman,* 4 M. G. & S. 884.

*Frink & Batchelder,* for the defendants. The only question in the case is, whether the defendants are bound by the judgment in favor of Lane's assignee against the plaintiff. It does not appear that the payment was void because in fraud of the bankrupt act. The payment being made after Lane was adjudged a bankrupt, the presumption would be that it was made from funds acquired after bankruptcy or from a third person. The defendants did not appear in the suit, and had no such notice of it as would put them on the defence, and the judgment cannot conclude them. *Littleton* v. *Richardson,* 34 N. H. 187. They had a right to be heard in defence upon the merits of that suit before they could be concluded by the judgment.

The defendants are not responsible over to the plaintiff. If the payment was in fraud of the bankrupt act, the plaintiff, by accepting it with a knowledge of the facts, is estopped from claiming its repayment to him by them.

The assignee is not the representative of the bankrupt. He is trustee for the creditors to receive and distribute the bankrupt's estate, and has no duty in respect to any property not assets of the estate. In this matter the interest of the assignee and that of the bankrupt are not identical, but antagonistic; and in the suit against a third person, the bankrupt could not be concluded by a judgment to which he was not a party. The assignee is in law the representative of the creditors. *Adams* v. *Merchants Nat. Bank,* 2 Fed. Rep. 180.

If the payment was ever operative as to Jesse Lane, he cannot be deprived of its benefit by a judgment against the plaintiff. The payment being made and accepted, Jesse, either as joint debtor or surety, had a right to rely upon it as a discharge of so much of his liability, and that payment could not be extinguished nor rescinded by a judgment to which he was not a party, nor by the agreement of the plaintiff and Adna without his consent.

The cases cited in the plaintiff's brief, to charge the defendants with notice, present the most extreme view of the law. They are not in accord with those in our own state (*Littleton* v. *Richardson,* 34 N. H. 187, *Burrill* v. *West,* 2 N. H. 192, *Warren* v. *Cochran,* 27

N. H. 339, *Chamberlain* v. *Preble*, 11 Allen 373), nor are they sus
tained by the current of authorities.     *Tubal Cain Case*, 9 Fed. Rep.
839, *n.*

ALLEN J.    The judgment recovered by Adna's assignee against
Towle, fully satisfied by levy on Towle's property, was an extin-
guishment of the payment, and left Towle's debt as if no payment
had been made, as to all persons bound by the judgment.    *Ladd* v.
*Wiggin*, 35 N. H. 421; *Leach* v. *Tilton*, 40 N. H. 473.

The defendants had a direct interest in the suit, which resulted
in an extinguishment of the payment, and were bound by the
judgment, if they had notice of the suit and were called upon and
had opportunity to defend it.    *Chamberlain* v. *Carlisle*, 26 N. H.
550; *Hayward* v. *Bath*, 38 N. H. 183; *Chapin* v. *Curtis*, 23 Conn.
388; 1 Gr. Ev., ss. 55, 523, 527, 538, 539.    Formal notice of the
suit, with an express requirement to appear and defend it, was not
necessary.    *Boston* v. *Worthington*, 10 Gray 496; *Barney* v. *Dewey*,
13 Johns. 226; *Robbins* v. *Chicago*, 4 Wall. 657.    If the defend-
ants were aware of the suit, and that Towle relied upon them to
keep good the payment, and they had opportunity to defend it,
they were bound by the result as much as if a formal express call
had been made upon them by him to appear and defend it.    With
a full knowledge of their rights and liabilities involved in the suit,
and of Towle's reliance upon them to defend it, they having oppor-
tunity to do so, the defendants could not stand by watching for and
ready to take advantage of a favorable judgment, and then be
heard to plead want of notice and appearance as parties against
the conclusive character of a judgment unfavorable.    *Robbins* v.
*Chicago, supra.*    Having seasonable notice of the suit, and oppor-
tunity to appear and contest it upon the merits, the defendants
are concluded by the judgment.    Whether the judgment would be
conclusive, as to the extinguishment of the payment, against per-
sons not bound by it as parties or privies, we need not inquire.

*Judgment for the plaintiff for the amount of the note.*

CLARK, J., did not sit: the others concurred.