Mr. Justice Cox
delivered the opinion of the Court:
This is a case brought to recover damages for injuries suffered by the plaintiff from getting her foot into a hole in the sidewalk and being thrown 'down, in consequence of which she 'suffered a fracture of the thigh. There are two *527 counts in the declaration; one alleges that the plaintiff was going along C street south, between First and Second streets east, in the city of Washington, in'the District of Columbia, and that the said street was carelessly and negligently suffered by the defendant to be and remain defective and out of repair; that on the 5th day of May, 1888, while passing along and over said street and using due care, plaintiff accidentally stepped into a hole in said street, caused by the sinking of an iron gas box below the level of the sidewalk, and was thrown violently to the pavement and sustained a transverse fracture of the thigh bone of her right leg, and was otherwise greatly hurt and injured. The second, count simply describes the accident as being due to her accidentally stepping into a hole in the sidewalk, without giving any further or more definite description than that.
A plea of not guilty was filed, and the trial resulted in a verdict for the plaintiff. A motion was made for a new trial on the usual grounds, including exceptions talcing to the rulings of the court during the progress of the trial, and to several portions of the charge, and the case comes here on appeal from the order overruling that motion.
The gas box which is described in the first part of the declaration is presumed to be a part of the works of the Washington Gas Light Company, and if the District should be compelled to pay damages to the plaintiff resulting from a defect in that work, which was properly under the care and control of the Gas Light Company, the District would have the right to an action over against the Gas Light Company for indemnity, and for that reason the Gas Light Company was brought into this suit by notice, and assisted in the defence. Under the rule laid down in the case of Robbins vs. Chicago (4 Wall., 657), that makes the Gas Company a party to this suit for the purpose of being bound by any judgment rendered in the suit, and it will be estopped from disputing any fact on which that judgment is founded.
Of course, the plaintiff has no interest in this abeyant controversy between the District and the Gas Light Com *528 pany; but both the nominal and the real parties defendant were quite interested in having the actual cause of the injury here definitely ascertained, if possible. They were interested in seeing that the rules of evidence were not relaxed in favor of the plaintiff, and that there should be no. variance between the proof and the declaration and no verdict allowed, founded upon evidence which was variant from the declaration.
It is proper for a moment to glance at the evidence in this case, in order to understand 'the instructions that are complained of. The gas box is a few inches distant from the railing which encloses the parking. It was originally at the curb, but when the sidewalk was widened it remained in the same place as before, and was brought within some eleven inches of the railing around the parking.
I will take one witness on each side, who seemed to give a pretty clear idea of the cause of this accident. The first one is James N. Fitzpatrick, who says:
“ On the west side the gas box projects a half inch above the bricks. On the east side there are two bricks that rise in an angle, probably, I do not know about what; but the height of them above the box is about half an. inch; one whole brick projects up above that, and the other is a half-brick.”
On cross-examination, he said:
“ The gas box on the west side is about half an inch above the level of the sidewalk. On the east side there are two bricks projecting half an inch above that. So that you may call it a hole or protuberance. It was flush on the north side and on the south side with the sidewalk, and on the east side, everywhere but on the west side.”
A witness for the defence,.who went there and measured the box, testified:
“I examined the gas box. It projects on the west side three quarters of an inch above the pavement. On the east side and north, it is flush with the pavement. On the south side the brick work is about a quarter of an inch above the box. The projection on the west side is a depression in *529 the sidewalk, practically about the length of a brick. It is a depression of an inch and a half deep. The depression is three quarters of an inch. The stone block is an inch and a half above the pavement, but the gas box is three quarters of an inch. The depression is in length about eight and a half inches. The depression is caused by the sinking of one brick.”
In order to illustrate how that was understood by counsel and the court, the Justice in his charge says:
“As was said by Mr. Perry, that the brick on one side was depressed below the gas pipe, and on the other side, or another side, was extended above, and that there were two depressions. You recollect the claim not only of the declaration, but the proof that this little girl struck her toe against •one of these projections, and fell.”
The proof in this case tends to show that on the west side of this gas box there was a depression of from three quarters of an inch to an inch and a half, and on the southeast side of the box one brick and perhaps half of another brick were thrown up about a quarter of an inch above the box at •different points, which was caused, as one of the witnesses says, probably by the frost. But on the north side and the south side and the east side it was flush with the pavement. That being the case, if it was flush with the pavement, it is very clear that there was no sinking of the gas box, and that the defect, if any, was in the pavement, and this little girl either struck her foot against the top of the box where the depression took place on the west side, or against a projecting brick on the southeast side,.and was thrown down. That seems to be the substance of the proof, as understood by both counsel and the court.
In his charge to the jury, the Justice said:
'“I advise you that if you find that to be true, it is not necessary that she should step bodily into the hole; but if she struck her toe against one or either of those projections, that would be getting her foot within the hole, within the meaning of the declaration in this case, and on that point it would be sufficient.”
*530 That is to say, if she did not get into the depression at all, but struck her foot against a brick projecting above the pavement, and above the gas box itself, then the gas box thus depressed was a hole, and the averment of the declaration was satisfied by that evidence.
It seems to us that was error. It is very important that the exact difficulty here should be, if possible, ascertained.
Going a little further, we find an instruction which seems to be inconsistent with this. The court said:
“ Mr. Perry alleges that the plaintiff stepped into the hole. You must find that she did step into that gas pipe; that there was a rise before it and behind it — you must find that she stepped in there or struck her toe against one of those protuberances, otherwise she cannot recover.”
This seems to impose upon the jury the duty of finding whether, under the first count of the declaration, there was a depression or hole at the gas box, with an elevation before and behind it, and that she stepped into that hola
The first and second instructions that I have read are inconsistent. The first one, we think, is error. The second one we do not think is justifiable by the proof. The rule is, that where instructions are inconsistent, we cannot fell which one the jury followed, and if there is error in either, there must be a new trial.
We think there should be a new trial. - I would suggest that on a new trial, probably a new count should be added to the declaration to designate fully and carefully the circumstances surrounding the accident, because this is peculiarly a case in which the exact nature of the accident should be ascertained.

A new trial is therefore allowed.