# Supreme Court Decisions.

## INDORSER OF NOTE GUARANTEES GENUINENESS OF PREVIOUS INDORSEMENTS.

THE FIRST NATIONAL BANK OF MOUNT VERNON, OHIO, v. THE FIRST NATIONAL BANK OF LINCOLN, ILLINOIS.

Decided, March 2, 1903.

*Indorser of Promissory Note—Warrants Genuineness of Prior Indorsers—Judgment in Favor of Indorsee—Conclusive as to Liability of Prior Indorser—With Timely Notice—Forgery—Evidence.*

1. One who indorses and delivers a negotiable promissory note in the usual course of business, thereby undertakes that the signatures of all prior indorsers are genuine.

2. In an action brought upon that undertaking by an indorsee to recover the amount which he has been adjudged to pay in consequence of the forgery of the signature of a prior indorser, the plaintiff having given to the defendant timely notice of the pendency of the suit in which such judgment was recovered and an opportunity to defend, such former judgment is conclusive with respect to the forgery.

ERROR to the Circuit Court of Knox County.

The First National Bank of Lincoln, Illinois, brought suit in the Court of Common Pleas of Knox County against the First National Bank of Mt. Vernon, Ohio, alleging a state of facts in substance as follows: On the first of March, 1897, one Frank Frorer executed his negotiable promissory note of that date for the sum of $2,056, payable to the order of Mrs. C. A. Rowley and F. S. Rowley, her husband, at the First National Bank of Lincoln, Illinois. The note came into the possession of the Lincoln bank indorsed: "C. A. Rowley," "F. S. Rowley," "Jerome Rowley." "Pay First National Bank, Lincoln, Illinois, or order. First National Bank, Mt. Vernon, Ohio. Fred E. Sturges, Pres." The signature of Mrs. C. A. Rowley as an indorser of the note was forged. The Lincoln bank received the note in the due course of

73

business, and relying upon the genuineness of all the signatures appearing upon the note, presented the same to the maker for pay-ment and the amount of the note was paid to it by the maker and by it to the Mt. Vernon bank.

Mrs. Rowley thereupon brought suit in the Circuit Court of Logan County, Illinois, against the maker of said note to compel him to pay to her one-half of said note, she alleging that her signature as indorser of the note was forged and that she had never received any part of the one-half of the proceeds of said note which belonged to her. She recovered a judgment for the amount claimed. Thereupon the maker of said note, relying upon the warranty of the Lincoln bank that Mrs. Rowley's signature as indorser was genuine, notified it in writing of the said forgery and demanded that it repay to him the amount of Mrs. Rowley's judgment. The Lincoln bank thereupon notified the Mt. Vernon bank of that demand and notified it further that it would require the Mt. Vernon bank to protect the plaintiff and make good any sum that it might have to pay the maker of said note upon his said demand. The Mt. Vernon bank refused to pay the amount demanded either to the plaintiff or to the maker of said note and the Lincoln bank refused to pay to the maker the sum demanded by him, and thereupon the maker of said note, Frorer, brought suit against the Lincoln bank to recover the amount which he had been adjudged to pay to Mrs. Rowley. The Lincoln bank gave notice to the Mt. Vernon bank of the bringing of said suit, furnishing it a copy of the declaration therein, and requested it to appear in said suit and make such defense as it might desire in view of its liability to the Lincoln bank by reason of its warranty that the signatures were genuine; and afterward the Lincoln bank gave to the Mt. Vernon bank timely notice of the day upon which said cause was set for trial, but the Mt. Vernon bank made no defense to said action, nor did it render any assistance in the defense. A judgment against the Lincoln bank was recovered by the maker of the note for the sum of $1,166.81, and costs of suit, and the prayer of the present petition is that the Lincoln bank may recover that amount from the Mt. Vernon bank.

The Mt. Vernon bank answered the petition of the plaintiff, the material portion of its answer being: "The defendant denies that the indorsement of the name of C. A. Rowley on the back of

said note was a forgery; on the contrary it avers that said indorsement was the true and genuine signature of said C. A. Rowley." To this answer the Lincoln bank demurred. The demurrer was sustained, and the defendant not desiring to answer over, a judgment was rendered in favor of the Lincoln bank for the amount which it claimed. On a petition in error to the circuit court that judgment was affirmed.

*Harrison, Olds & Henderson, Cooper & Moore* and *H. H. & R. M. Greer,* for plaintiff in error, cited and commented upon the following authorities:

*Ellis & Morton* v. *Ohio L. I. & T. Co.,* 4 Ohio St., 628; *Myers* v. *Bowen,* 3 Colo. App., 537; *Gross* v. *Kierski,* 41 Cal., 111; *Linton* v. *Porter,* 31 Ill., 107; *Case* v. *Hall,* 24 Wend., 102; *Bank* v. *Bank,* 58 Ohio St., 207; *Bank* v. *Bank,* 114 N. Y., 28; *Saveland* v. *Green,* 36 Wis., 612.

*F. V. Owen* and *King & Miller,* for defendant in error.

The indorsement of negotiable paper, is a warranty of the genuineness of all previous signatures.

*Bank* v. *Bank,* 58 Ohio St., 207; *Dumont* v. *Williamson,* 18 Ohio St., 516; *Bank* v. *Bank,* 3 Fed. Rep., 66; *United States* v. *Bank,* 6 Fed. Rep., 852; *Bank* v. *Bank,* 152 Ill., 296; *Bank* v. *Bank,* 1 Hill (N. Y.), 287; 2 Parsons on Notes and Bills, 588; 2 Randolph on Com. Paper, Sec. 752; *Williams* v. *Tishomingo Institution,* 57 Miss., 633; *Cochran* v. *Atchison,* 27 Kan., 278; *Chambers* v. *Bank,* 78 Pa. St., 205; *Star Fire Ins. Co.* v. *Bank,* 19 Cent. L. J., 452.

The maker of a promissory note and drawee of a bill of exchange, sustain the same legal relation to the payee of such note or bill, and neither are presumed to know the genuineness of the indorsement of the payee of such note or bill of exchange. *Bank* v. *Bank,* 10 Wheat., 355; *United States* v. *Bank,* 6 Fed Rep., 852.

When the name of a payee of a promissory note or bill of exchange has been forged, and the note or bill successively indorsed and is finally paid, by the maker or drawee, to a *bona fide* holder, in ignorance of the forged indorsement, the party to whom the money is paid, as well as the several indorsees, through whose hands the money passes, will be liable on their indorsement; the payment

will also be regarded in law, as made without consideration, and each party receiving the money, is bound in law and *equo bono* to return it.

The remedy by each is, by action over each against his successive indorser. 2 Daniel on Neg. Inst., Sec. 1364; *Robarts* v. *Tucker*, 16 Ad. & Ell., 560; *Dick* v. *Leverich*, 11 La., 359; *Vagliano* v. *Bank*, L. R., 22 Q. B. Div., 103; L. R., 23; *Id.*, 243.

Under certain circumstances interested persons are held bound by judgments when they are not in fact parties to the proceedings, by giving them due notice of the suit. In such case a judgment against the defendant becomes conclusive in an action by him against the person liable over him. Bigelow on Estoppel (4th Ed.), 124; *Drennen* v. *Bunn*, 124 Ill., 175; Black on Judg., Secs. 573, 574; Jones on Ev., Sec. 610; *Heiser* v. *Hatch*, 86 N. Y., 614; *Carpenter* v. *Pier*, 30 Vt., 81; *Chicago N. W.* v. *N. L. P. L.*, 70 Ill., 217.

The term parties includes all who are directly interested in the subject-matter and have a right to make defense or to control the proceedings and to appeal from the judgment. *Robbins* v. *Chicago*, 4 Wall., 657; *Lovejoy* v. *Murray*, 3 Wall., 18; 1 Greenl. on Ev., (14th Ed.), Secs. 522, 523.

The defendant in this suit, being liable over to plaintiff, and having had notice of the suit of Frorer against plaintiff, was in law a party to said suit, and is conclusively bound by the judgment rendered in said suit. *Bank* v. *Bank*, 3 Fed. Rep., 66.

It is not necessary, in any case, to constitute notice, that it should be in the shape of a distinct and formal communication and it will be implied, in all cases where a party is shown to have had such means of informing himself, as to justify the conclusion, that he might have availed himself of them. *Le Neve* v. *Le Neve*, Lead. Cas. Eq.; *Warner* v. *McGary*, 4 Vt., 507.

SHAUCK, J.; BURKET, C. J. SPEAR, DAVIS, PRICE and CREW, JJ., concur.

Counsel for the plaintiff in error urge two propositions, either of which, if sound, would require a reversal of the judgment of the circuit court. The first is that the indorsement of the Mt. Vernon bank, though unconditional and unrestricted, did not import a warranty of the genuineness of the signature of the prior indorser,

Mrs. Rowley. It is elementary that one who even by mere delivery transfers a note payable to bearer thereby undertakes that all signatures upon the note are genuine and that all whose names appear had legal capacity to enter into the contract indicated. Certainly the legal import of a transfer by indorsement and delivery can not be less. *Dumont* v. *Williamson*, 18 Ohio St., 515; *Bank* v. *Bank*, 58 Ohio St., 207.

The second proposition of counsel for the plaintiff in error is that it is not precluded by Frorer's judgment against the Lincoln bank from asserting any defense which might have been originally interposed against the claim founded upon the alleged forgery of Mrs. Rowley's signature. The pertinency of this proposition is manifest in view of the allegation in the answer that Mrs. Rowley's signature is genuine. The view urged in support of the judgment of the circuit court is that, although the Mt. Vernon bank was not, in fact, a party to the record in which Frorer recovered judgment against the Lincoln bank, nevertheless because of the notice given to it by that bank informing it of the bringing of said suit and requiring it as the party liable over to the defendant therein to appear and interpose such defense as it might have, it is precluded from asserting such defense now. In *Commrs. of Brown Co.* v. *Butt*, 2 Ohio, 348, it was decided that a sheriff against whom a liability had been adjudged for permitting the escape of a prisoner, might have an action over against the commissioners of the county for failing to provide a jail wherein the prisoner could be securely kept, and that in an action brought by him against the commissioners of the county the measure of damages should be the amount of the judgment which had been recovered against him. In a dissenting opinion the correctness of the judgment was denied upon the ground that under the statute then in force the county was not liable over to the sheriff. The case was overruled in *Commrs.* v. *Mighels*, 7 Ohio St., 109, upon the ground taken in the dissenting opinion; but the doctrine of the case as to the effect of a former suit in an action against one liable over does not appear to have been questioned. In *Miller* v. *Rhoades*, 20 Ohio St., 494, an action upon a bond given by a creditor to indemnify an officer for the sale of property held by him upon execution, but claimed by another, a judgment having been recovered against the officer, it was held that "the creditor having due notice of the action and

an opportunity to defend against it, the judgment is conclusive evidence against the obligor of the amount of damages sustained." We have become familiar with the application of this doctrine to one who is liable over to another on a warranty of title to land, it being accepted as the established law that the warrantee may charge the warrantor with the consequences of an action to evict by giving him timely notice of the suit with an offer of opportunity to defend. It is an extension of the doctrine that all who are parties to a judicial record are bound by the judgment, and it rests upon the same foundation; the necessity that there be an end of litigation. It was placed upon that ground in *Robbins* v. *City of Chicago,* 4 Wall., 657, where it was decided that a municipality which had been adjudged liable to one, injured in consequence of the dangerous condition of its street, might recover the amount of the judgment from the owner of abutting property by whom the dangerous condition had been created, such owner having had actual, though informal, notice of the pendency of the suit against it. The reason for the doctrine does not suggest that there should be any limit to its application because of the nature of the obligation over of the person notified. Upon examination of numerous decisions in other states and in the Federal courts, it appears that the doctrine is of general application without regard to the nature of the liability over of the person notified, whether it arises out of contract or by operation of law. Many cases illustrative of the varied applications of the doctrine are collected in Black on Judgments, Sec. 574, and Bigelow on Estoppel, page 131. They seem to recognize no exception to the rule that in an action to recover from one liable over on account of a demand upon which there has been a judgment against the plaintiff, the defendant is bound by such judgment if he had due notice of the suit in which it was rendered and an opportunity to defend. Some differences of opinion appear with respect to the character of the notice which should be given to the person liable over, but none of the cases casts any doubt upon the sufficiency of such full notice and opportunity to defend as are set out in the untraversed allegations of the original petition in the present case.

*Judgment affirmed,*