## CALDWELL v. BLODGETT.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1919.)

No. 4997.

1. APPEAL AND ERROR ⊜⟶237(6)—REVIEW—ACTION TRIED TO COURT.

Where an action at law is tried in a federal court without a jury, and the legal effect of the evidence is not challenged by the defeated party, by motion for a finding in his favor or for a declaration of law of the same purport, the sufficiency of evidence to support special findings of fact cannot be considered by the appellate court, and all that can be reviewed is whether the special findings sustain the judgment, and whether during the progress of the trial errors of law occurred to which exceptions were preserved.

2. COVENANTS ⊜⟶121(3)—EVIDENCE—FORMER JUDGMENT—MATTERS CONCLUDED—CONCLUSIVENESS.

A decree in a suit by a grantee of land by an unrecorded deed against his grantor and a subsequent mortgagee of the grantor and an assignee of the mortgage, holding the mortgage void and canceling the same, held conclusive as to the invalidity of the mortgage as between mortgagee and assignee in an action by the latter to recover over on a warranty in the assignment.

In Error to the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Action at law by Alson Blodgett, Jr., against Ida M. Caldwell, executrix of the will of W. A. Caldwell, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

W. S. Lauder, of Wahpeton, N. D. (T. L. Brouillard, of Ellendale, N. D., on the brief), for plaintiff in error.

E. T. Conmy, of Fargo, N. D. (Watson, Young & Conmy, of Fargo, N. D., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges.

HOOK, Circuit Judge. Alson Blodgett, Jr., brought an action at law against Ida M. Caldwell, executrix of W. A. Caldwell, deceased, to recover the amount paid the deceased for a note and mortgage upon land in North. Dakota, with interest from the time of payment. A jury was waived and the case was tried by the court. The court made special findings of fact and rendered judgment thereon for Blodgett. The executrix prosecuted this writ of error.

[1] At the threshold lies the question of the scope of our power of review. Upon the conclusion of the evidence at the trial the executrix made no motion for a finding, either general or special, in her favor, requested no declaration of law, nor otherwise challenged the legal effect of the evidence. Under such circumstances the sufficiency of the evidence to support the special findings that were made cannot be considered, and all that can be reviewed in an appellate court is whether the special findings, taking them as true, sustain the judgment, and whether during the progress of the trial errors of law occurred to which exceptions were preserved. Section 700, Rev. Stat. (Comp.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. § 1668); Keeley v. Mining Co., 95 C. C. A. 96, 169 Fed. 598; Mason v. United States, 135 C. C. A. 315, 219 Fed. 547.

There are 22 assignments of error in the record. None of them contest the sufficiency of the findings to sustain the judgment, 17 relate to the admission and exclusion of evidence, 2 charge error in making certain findings presumably for insufficiency of proof, and 2 are simply that the court erred in rendering the judgment. The remaining assignment will be discussed presently. The long-established rules of appellate procedure in the courts of the United States prescribe definite requirements as to the character and contents of assignments of error for the record, and also the specifications in the briefs of those that are to be relied on in the appellate court. They have been the subject of very many decisions in this court, other Circuit Courts of Appeals, and the Supreme Court; but it appears that in the case at bar little attempt was made to comply with them. In a liberal view, in the interest of justice, there is but one question presented by an assignment of error that may be consistently considered. It is whether the trial court erred in holding that a judgment in a prior case concluded the executrix as to the matter there decided. A brief outline of the case at bar and the other case, as shown by the pleadings of the parties and the findings of the court before us, is essential to an understanding of the question.

[2] In his lifetime W. A. Caldwell loaned $4,000 to one Hall, and took his note and a mortgage on certain land, represented as belonging to the mortgagor, to secure it. Shortly afterwards Caldwell sold and assigned the note and mortgage to the plaintiff, Blodgett, for the face amount and accrued interest. The mortgage purported to be a first lien on the land, and Hall so covenanted, and also that the land was otherwise free of all incumbrances. The assignment to Blodgett contained a covenant by Caldwell that there was due upon the note and mortgage the full sum mentioned and interest to that time, and that he (Caldwell) had good right and lawful authority to sell and assign them in the manner adopted. By the terms of the assignment, in connection with those of the mortgage, Caldwell expressly warranted to Blodgett that the mortgage sold him was a first lien. There was also an implied warranty to the same effect growing out of the circumstances of the transaction. Furthermore, Caldwell believed he was selling, and Blodgett believed he was buying, a mortgage that was a first and only lien on the land. If it was not of that character the consideration failed.

It afterwards transpired that, about a year before Hall mortgaged the land to Caldwell, he sold it to one Quaschneck and gave him a contract for a deed, which the latter did not record, but under which he took open and exclusive possession of the property. Before discovering the existence of the mortgage Quaschneck paid Hall and those claiming under him nearly all the purchase price. Quaschneck then brought a suit in a state court of North Dakota to cancel the mortgage and quiet his title. The defendants in that suit were Blodgett, plaintiff here, the executrix, defendant here (Caldwell having died), and the trustee of the estate of Hall, who had been adjudged bankrupt. Both

Blodgett and the executrix filed answers, putting the averments of Quaschneck's complaint in issue, and participated in the trial. The case resulted in a decree for Quaschneck, quieting his title and expressly declaring the mortgage to be void and of no effect as a lien on the land. The executrix was awarded her costs upon the ground that she asked no affirmative relief. The decree was afterwards affirmed by the Supreme Court of the state. In the present case, brought by Blodgett to recover the amount he paid, with interest, the court below held that the decree of the state court estopped the executrix from questioning the invalidity of the mortgage as a lien. That ruling presents the question here.

In most of the cases in which a warrantor, indemnitor, or person in a similar relation has been held bound by the result of a suit involving a matter upon which his obligation to another depends, he was not a record party to the suit, but was either noticed or called in, or had information of its pendency, with opportunity to aid or participate in its conduct. An instance appears in Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298, and Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427. There one Woodbury had sued and recovered judgment against the city of Chicago for injuries caused by his falling into an excavation in a public street in front of the property of Robbins, made by a contractor of the latter and negligently left unguarded. The city paid the judgment and sued Robbins for its loss. To hold Robbins to the Woodbury judgment, the city showed that he knew of the suit and the approaching trial, and that it had requested him to aid in procuring evidence. It did not expressly notify him to defend the suit, "and never notified him that the city would look to him for indemnity." 2 Black, 422, 17 L. Ed. 418. The Supreme Court, in reversing a judgment below in favor of Robbins, held that an express notice to defend was not necessary in order to charge his liability. It was said:

"He knew that the case was in court, was told of the day of trial, was applied to to assist in procuring testimony, and wrote to a witness, and is as much chargeable with notice as if he had been directly told that he could contest Woodbury's right to recover, and that the city would look to him for indemnity."

Robbins was held not estopped from showing he was under no obligation to keep the street in a safe condition and that the accident was not his fault, but that he was estopped from disputing the particular physical cause of the accident and the amount of the resulting damage or loss to the city, if he knew the suit was pending and could have defended. When the case went back for a retrial the jury were instructed:

"If it was through the fault of Robbins that Woodbury was injured, he is concluded by the judgment recovered against the city, if he knew that the suit was pending and could have defended it. It is not necessary that the city should have given him an express notice to defend the suit, nor is it necessary that the city should have notified him that it would look to him for indemnity." 4 Wall. 661, 662, 18 L. Ed. 427.

At this trial the city recovered from Robbins and the judgment was affirmed. The Supreme Court expressly approved the instructions above quoted. It also said (4 Wall. 674, 18 L. Ed. 427):

"Knowledge of the pendency of the suit in the most authentic form was brought home to him, *and the legal presumption is that he knew he was answerable over to the corporation*, and, if so, it must also be presumed that he knew he had a right to defend the suit."

We have italicized a part of the above excerpt for its especial relevance to the case at bar. Blodgett was not required to notify the executrix or to plead against her in the Quaschneck suit that the estate would be bound to indemnify him if they lost. The legal presumption is that she knew it, and she should have conducted herself accordingly. The case of Chicago v. Robbins was founded on tort, but it is well settled that the principle applies as well to cases where the duty to indemnify or hold harmless arises from contract. In Burley v. Compagnie de Navigation Francaise, 115 C. C. A. 199, 194 Fed. 335, the court said that—

"When a person is responsible to another, by operation of law or by express contract, and he is fully informed of the claim and that the action is pending, and has full opportunity to defend or participate in the defense, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not."

See, also, Wolfe v. Barataria Land Co., —— C. C. A. ——, 255 Fed. 503, in which the doctrine was recently applied by this court.

As already observed, in most of the cases the warrantor or indemnitor was not a record party to the prior suit, but had notice and opportunity. A fortiori should he be bound when, like the executrix here, he was a party and participated in the trial.

The executrix prevailed in the Quaschneck suit and recovered her costs, but that was because, the mortgage having been assigned to Blodgett, she claimed no lien for the estate. She did not prevail against Blodgett, to whom the estate was obligated. The liability of the estate to Blodgett was not in issue in that case, and was not decided. That liability involved other matters besides the invalidity of the mortgage. It is another and different cause of action than that involved in the Quaschneck suit. The decree in her favor against Quaschneck was therefore not conclusive against Blodgett in the case at bar.

"The two suits are for distinct and separate causes of action. If there were any distinct question litigated and settled in the prior suit, the decision of the court upon that question might raise an estoppel in another suit upon the principle stated in Cromwell v. County of Sac, 94 U. S. 351 [24 L. Ed. 195]. But, as was held in that case, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Keokuk & Western Railroad v. Missouri, 152 U. S. 301, 315, 14 Sup. Ct. 592, 597 (38 L. Ed. 450).

It is of no avail to the executrix that she conducted herself as a nominal defendant in the Quaschneck suit and as indifferent to the outcome. She knew all the facts and circumstances of the transaction between her testator and Blodgett, and was charged with knowledge of their effect as matter of law. She also knew that an important factor was the validity or invalidity of the mortgage as a

lien, and that the question was then at issue with Quaschneck their common adversary. Being a party to the suit, her duty was to stand with Blodgett and maintain that the mortgage was a lien as her testator had warranted. Upon that issue Blodgett lost, and she lost as well.

The judgment is affirmed.