# Richmond.

## CITY OF RICHMOND V. DAVIS AND OTHERS.

### March 15, 1923.

1. FORMER ADJUDICATION OR RES ADJUDICATA—*General Rule.*—It is elementary that, in the case of successive suits, where the parties are the same, the issue is the same, and that issue has been decided on its merits by a court of competent jurisdiction, the judgment in the first suit is *res judicata,* and cannot be called in question in any subsequent suit between the same parties, or their privies.

2. FORMER ADJUDICATION OR RES ADJUDICATA—*Same Parties—A Proceeding Against an Agent of the State Military Board and a Proceeding Involving the Same Question Against the State Military Board.*—A proceeding was instituted by the city of Richmond against the foreman of the work on a building being erected for the State Military Board for the violation of the city ordinance as to fire limits. The foreman was acquitted on the ground that the defendant had been authorized to do the acts complained of by the Military Board, and that the acts of the Military Board were acts of the State. Thereupon the city filed a bill against the Military Board, praying a mandatory injunction for the purpose of compelling the removal of the building. The question at issue in both proceedings was the right of the Military Board to erect the building contrary to the provision of the city ordinance, and this issue was decided on its merits by a court of competent jurisdiction. The foreman had no personal interest in the matter, and defended the first proceeding on the ground of authorization by the Military Board.

   *Held:* That the Military Board was so far a party or privy to the first proceeding as to preclude the city from maintaining the suit for the mandatory injunction.

3. FORMER ADJUDICATION OR RES ADJUDICATA—*Agency—Master and Servant.*—The weight of authority supports the rule that a judgment in a suit in which an agent or a servant is a party prosecuting or defending under the authority and in the right of the principal or master is conclusive for or against the principal or master. But to have such effect it must appear that the agent or servant was acting for his principal or master and within the scope of the authority conferred upon him, or that his action, if not so authorized, has since been ratified by the principal or master.

4. FORMER ADJUDICATION OR RES ADJUDICATA—*Agency—Master and Servant.*—As regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principal of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for defendant. Complainant assigns error.

*Affirmed.*

The opinion states the case.

*James E. Cannon* and *A. G. Robertson,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The Federal government gave to the State of Virginia certain military equipment which was quite valuable, and very necessary for the voluntary military forces of the State, and as a condition of the gift required the equipment to be housed and otherwise properly cared for. This equipment was turned over to the Military Board as the representative of the State. This board is composed of the Governor, Secretary of the Commonwealth, Adjutant General, and the senior officer of the Virginia volunteers, and was created by an act of the legislature, but not incorporated. Code, section 2673. The Military Board, on the concurrence

and order in writing of all its members and with the consent and approval of the Governor, the Board of Directors of the Penitentiary and the Superintendent thereof, began the erection, on a lot across the street from the penitentiary (part of the penitentiary property) and under the control of the Superintendent thereof, of certain buildings for housing said equipment. This lot is the property of the State, and is located in the city of Richmond, within the fire limits of said city, and the buildings were of a nature prohibited by the ordinances of the city.

Very comprehensive police powers were conferred upon the city of Richmond by its charter, and it is conceded that the city was authorized by its charter to fix fire limits, and to prescribe the character of buildings that might be prohibited within such limits, and to fix fines and penalties for the violation of said ordinances. The ordinance imposed such fines not only upon the owner of the building, who might be a non-resident of the city, but also upon "any architect, civil engineer, builder, carpenter, mason, contractor, subcontractor, foreman or any other person who may be employed to assist in the commission of any such violation." The same ordinance provided "for the removal of any such building or addition which shall be erected contrary to such prohibition, at the expense of the builder or owner thereof," and annexed appropriate fines for failure to obey an order for removal. After the Military Board began the construction of the buildings needed to house said machinery, the city caused to be summoned to the police court, R. M. Dashiell, the foreman on the work, and four or five of the workmen, for a violation of the city ordinance aforesaid. Upon the trial of Dashiell he was fined by the police justice, but appealed to the hustings court of the city, and the remaining cases

were continued.   The hustings court, being of opinion that the defendant had been authorized to do the acts complained of by the Military Board, and that its acts were acts of the State, dismissed the proceeding.   From that judgment no appeal lies under the statute.   Thereupon the city filed a bill in the law and equity court of the city against the Military Board praying a mandatory injunction for the purpose of compelling the removal of said buildings which had, in the meantime, been completed.   The injunction was refused, and the city appealed.

[1] Several questions of interest and importance were discussed by counsel both orally and in the briefs, and they have been carefully considered, but it will be unnecessary to pass upon them as we are of opinion that the subject matter of the case in judgment is *res judicata*.   It is elementary that, in the case of successive suits, where the parties are the same, the issue is the same, and that issue has been decided on its merits by a court of competent jurisdiction, the judgment in the first suit is *res judicata*, and cannot be called in question in any subsequent suit between the same parties, or their privies.

[2] The question at issue, both in the proceedings before the police justice and in the case in judgment, was the right of the Military Board to erect the buildings contrary to the provision of the city ordinance. This issue was decided on its merits by a court of competent jurisdiction, and final judgment was entered against the city.   The only question about which any doubt could arise, to bring the case within the rule stated above, is, were the parties the same?   It is conceded by the city that the "Military Board of Virginia * * * proceeded to erect within the prescribed district four wooden warehouses * * * and there-t

upon the city caused to be summoned to the police court, R. M. Dashiell, the foreman on the work," who defended on the ground that he was causing the erection of the buildings mentioned pursuant to instructions given him by the Military Board of the State, and hence could not be interfered with or controlled by the city. The police justice fined Dashiell, but on appeal that judgment was reversed by the hustings court, on the ground that the acts of Dashiell had been authorized by the Military Board, and were, therefore, acts of the State of Virginia. Dashiell had no personal interest in the matter, and defended solely on the ground of authorization by the Military Board, and this defense was sustained on the ground that the Military Board was not subject to the jurisdiction of the court. Was the Military Board so far a party or privy to that proceeding as to preclude the city from maintaining the present suit? We think it was. The sole object of both proceedings was the same.

[3] In 24 Am. & Eng. Ency. L. (2d ed.) 751, it is said: "The weight of authority supports the rule that a judgment in a suit in which an agent or a servant is a party prosecuting or defending under the authority and in the right of the principal or master is conclusive for or against the principal or master. But to have such effect it must appear that the agent or servant was acting for his principal or master and within the scope of the authority conferred upon him, or that his action, if not so authorized, has since been ratified by the principal or master."

In 15 R. C. L. 1010 it is said: "One who instigates another to do a wrongful act, and, when the wrongdoer is sued, takes upon himself and conducts the defense of the case, is estopped from again litigating with the plaintiff in that action the issues there decided.

Similarly, where a suit is prosecuted or defended by one person at the instance of another, and for the latter's benefit, the judgment will be binding and conclusive upon the latter. In all such cases the strict rule that such a judgment operates as *res judicata* only in regard to parties and privies expands to include such persons as parties, or at least as privies."

In Freeman on Judgments, section 174, it is said: "Neither the benefit of judgments on the one side nor the obligations on the other are limited exclusively to parties and their privies. Or, in other words, there is a numerous and important class of persons who, being neither parties upon the record nor acquirers of interest from those parties after the commencement of the suit, are nevertheless bound by the judgment. Prominent among those are persons on whose behalf and under whose direction the suit is prosecuted or defended in the name of some other person."

In Herman on Estoppel, sections 150, 152, it is said: "One who is benefited by the prosecution of an action of which he has notice is to be regarded as a party in interest, although his name does not appear therein."

"A master or principal is in privity with his servant or agent when the latter defends an action in the right of the former, and a judgment is an estoppel to a renewal of the principal or master in the suit on the ground that he is considered the real party, and especially when the principal expressly or impliedly authorized or ratified the acts of the agent, virtually rendering him a party to the proceedings instituted by or against the other.

    *        *        *        *

"In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies expands so as to admit it when the same

question has been decided and judgment rendered between parties responsible for the acts of others."

In 2 Black on Judgments, section 578, it is said: "So where the plaintiff sues the agent and is defeated, and then sues the principal, the latter may take advantage of the estoppel against the plaintiff." See also section 579, stating the same doctrine, where the relation is that of master and servant. To the same effect, see Bigelow on Estoppel (5th ed.), pp. 121-2.

In *Robbins* v. *Chicago*, 4 Wall. 657, 18 L. Ed. 427, it was held that: "Parties having notice of the pendency of a suit in which they are directly interested must exercise reasonable diligence in protecting their interests," and that "the term 'parties,' as thus used, includes all who are directly interested in the subject matter, and who had a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment." This view seems to be held generally. *Chicago* v. *Robbins*, 67 U. S. (2 Black) 418, 17 L. Ed. 298; *Missouri Pac. R. Co.* v. *Twiss*, 35 Neb. 267, 53 N. W. 76, 37 Am. St. Rep. 437; *Giblin* v. *North W. L. Co.*, 131 Wis. 261, 111 N. W. 499, 120 Am. St. Rep. 1040; *Goldberg* v. *Sisseton Loan, etc., Co.*, 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775, and cases cited.

In *Missouri Pac. R. Co.* v. *Twiss, supra*, it was held that "where a party knows that an injury for which an action is brought against another was caused by himself, and that no recovery can be had therein, unless for his neglect or wrong, he is bound by the judgment which may be entered in such action, if he has knowledge of its pendency and could have defended it if he had so desired." (3rd syl. 37, Am. St. Rep. *supra*.) That was an action by an initial carrier, who had been compelled to pay for damages to goods, against a con-

necting carrier through whose negligence the damage was inflicted, but the principle is general. *Chicago* v. *Robbins*, 2 Black 418, 17 L. Ed. 298; *Robbins* v. *Chicago*, 4 Wall. 657, 18 L. Ed. 427.

In speaking of the facts of the particular case, it was said in *Souffront* v. *La Compagnie Des Sucreries*, 217 U. S. 475, 487, 30 Sup. Ct. 608, 612 (54 L. Ed. 846): "The case is within the principle that one who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment and as fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record. *Lovejoy* v. *Murray*, 3 Wall. 1."

In *Goldberg* v. *Sisseton, etc., Co.*, 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775, after discussing the subject of parties concluded by prior litigation, it is said by the court: "The rule as thus stated is calculated to prevent unnecessary litigation by practically a retrial of the action, in which persons, though not nominally parties to the action, are interested in the result and have an opportunity in the one action to protect themselves, and to bring before the court in the one action all defenses that might be made in the second action, and thus prevent unnecessary litigation. In such cases the definition of the word 'parties,' as given by the Supreme Court of the United States in *Robbins* v. *City of Chicago*, 4 Wall. 657, 18 L. Ed. 427, holding that it includes not only persons actually named as parties, but persons interested in the action and who have notice of the same, is properly applicable."

The case of *Bridges* v. *McAlister*, 106 Ky. 791, 51

S. W. 603, 90 Am. St. Rep. 267, 45 L. R. A. 600, presents a state of facts somewhat similar to those in the case in judgment. In that case a landowner employed one Miller to clean out a ditch so as to let surface water pass over the lands below. Miller was enjoined from cleaning out the ditch by the lower proprietors. In a subsequent suit by the upper proprietor, the master of Miller, to recover damages for filling up the ditch in pursuance of an order of the trial court, which was subsequently reversed on appeal, though there was no supersedeas, it was held that the master of Miller was "clearly bound by the judgment against his agent, Miller, in the original suit. That action was clearly brought to settle the rights of the parties." It was further said: "But the estoppel of a judgment is always mutual. If it binds one of the parties so as to prevent him from showing the truth, it also estops the other."

[4] The object of the prosecution before the police court was to determine the right of the Military Board to erect the buildings, and that issue was made and tried in that proceeding, and upon that issue the city has had its day in court. Dashiell had no personal interest in the question involved. The Military Board, through its agent and servant, Dashiell, raised the question and had it adjudicated. That adjudication was final and binding on both parties, and the city cannot now reopen it by the present litigation. As said in *Emma Silver Mining Co.* v. *Emma Mining Co.* (C. C.), 7 Fed. 401, "as regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such pportunity. He has had his day in court, and it is

immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both."

We are of opinion to affirm the decree of the trial court.

*Affirmed.*