**BRUSZEWSKI v. UNITED STATES.**

**No. 10050.**

United States Court of Appeals
Third Circuit.

Argued Jan. 16, 1950.

Decided April 11, 1950.

---

420

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Appellant, Bruszewski, a longshoreman, suffered personal injuries while working upon a docked ship owned by the United States and serviced by Isthmian Steamship Company under a standard General Agency Service agreement between that corporation and the United States. Claiming that his injuries were caused by the negligence of those operating the ship and the unseaworthiness of the vessel, Bruszewski first sued Isthmian Steamship Company as a principal responsible for the acts of the crew and the condition of the vessel. At the conclusion of the plaintiff's case, the trial judge ruled (1) that no lack of due care on the part of the crew had been proved, and (2) that seaworthiness had not been warranted by the defendant to the plaintiff. Accordingly a verdict was directed for the defendant. On appeal this court affirmed the judgment.[1]

Thereafter appellant instituted the present libel seeking to impose responsibility upon the United States for his injury, predicating his claim upon the same alleged neg-

1. Bruszewski v. Isthmian S. S. Co., 3 Cir., 1947, 163 F.2d 720, affirming D.C.E.D.Pa. 1945, 66 F.Supp. 210, certiorari denied 1948, 333 U.S. 828, 68 S.Ct. 451, 92 L.Ed. 1113.

ligence of the crew and unseaworthiness of the vessel as in the Isthmian case.

The United States pleaded *res judicata.* The district court considered the entire Isthmian record and then sustained a motion to dismiss reasoning (1) that the finding of no negligence in the Isthmian case was decisive against the claim of negligence here, and (2) that the United States had not warranted seaworthiness to Bruszewski.

I

The ruling concerning *res judicata* presents the principal question on this appeal. The issue is a narrow one since the same injury occurring in the same manner is the gravamen of both suits. In both the claim of negligence depends on the same acts or omissions of the same persons in the actual operation of the ship. They differ only in the claimant's applicant of the doctrine of *respondeat superior;* in the first suit so as to make Isthmian Steamship Company the responsible principal, and here, the United States.

■ This second effort to prove negligence is comprehended by the generally accepted precept that a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. Both orderliness and reasonable time saving in judicial administration require that this be so unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case.

■ The countervailing consideration urged here is lack of mutuality of estoppel. In the present suit Bruszewski would not have been permitted to take advantage of an earlier affirmative finding of negligence,

had such finding been made in the Isthmian case. For that reason he argues that he should not be bound by a contrary finding in that case. But a finding of negligence in the Isthmian case would not have been binding against the United States because the United States had no opportunity to contest the issue there. The finding of no negligence on the other hand was made after full opportunity to Bruszewski on his own election to prove the very matter which he now urges a second time. Thus, no unfairness results here from estoppel which is not mutual.[2] In reality the argument of appellant is merely that the application of *res judicata* in this case makes the law asymmetrical. But the achievement of substantial justice rather than symmetry is the measure of the fairness of the rules of *res judicata.*

■ Other cases have approved findings of *res judicata* in closely analogous situations upon reasoning applicable here. E. I. DuPont DeNemours & Co. v. Richmond Guano Co., 4 Cir., 1924, 297 F. 580; Bernhard v. Bank of America Nat. Trust & Savings Association, 1942, 19 Cal.2d 807, 122 P.2d 892; Coca-Cola Company v. Pepsi-Cola Company, Del.Super.1934, 6 W.W. Harr. 124, 172 A. 260; City of Richmond v. Davis, 1923, 135 Va. 319, 116 S.E. 492. Particularly noteworthy and relevant are situations in which an action against a master for an alleged negligent act of his servant has resulted in a finding of no negligence and this finding is subsequently held to be *res judicata* in an action against the servant for the same alleged negligence. Giedrewicz v. Donovan, 1932, 277 Mass. 563, 179 N.E. 246; Emery v. Fowler, 1855, 39 Me. 326, 63 Am.Dec. 627; Myhra v. Park, 1935, 193 Minn. 290, 258 N.W. 515.[3]

2. It is also noteworthy, though not decisive, that Bruszewski having sustained a single injury from a single cause and believing two principals responsible for the same negligent conduct might have joined his claim against the United States and that against Isthmian Steamship Company for trial. In such event, a single proof and finding on the principal issue of negligence would have covered both claims. While the claimant

was not obliged thus to consolidate his suits, no canon of fairness requires that he be given the special advantage of twice trying the same issue where he did not elect to join them.

3. Although decisions in the converse situation where a finding exonerating a servant of blameworthy conduct is held *res judicata* in a subsequent action against his master for the servant's alleged

In all, we are satisfied that the present application of *res judicata* is both sound in principle and in accord with a substantial body of well-reasoned decisions.

The question whether "privity" exists between the United States and Isthmian Steamship Company was argued to this court as relevant to the application of *res judicata*.

■ Where the party to be bound in a second proceeding is different from the party against whom the original adjudication was made, a close relationship between them is a requirement of fairness and may be necessary to provide due process of law. Thus, the rule that only parties and privies are bound by a prior judgment is unquestionably correct. In the present case the very party against whom the first judgment was rendered is to be bound in the subsequent action.

■ Where different plaintiffs sue the same defendant in successive suits, many courts have questioned the fairness of invoking *res judicata* against the defendant unless a significant relationship can be found between the plaintiffs.[4] But where, as in this case, *res judicata* is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have, as indicated in the cases above cited,[5] enlarged the area of *res judicata* beyond any definable categories of privity between the defendants.[6] Certainly the cases already cited show that the moving party has been bound by prior adjudication against him in situations where the relation between successive defendants was no closer or more significant than that between the United States and Isthmian Steamship Company here. We are in accord with this development of the law away from formalism which impedes the achievement of fair and desirable results.

## II

Appellant has contended that even if the invocation of *res judicata* on the present facts might have been sound at one time, a very recent decision of the Supreme Court requires a different result now. He points out that in Caldarola v. Eckert,[7] the Supreme Court has decided that an "agent" in the position of Isthmian Steamship Company is not an owner *pro hac vice* and is not legally responsible to persons in the situation of appellant for negligent ship operation.

A contrary rule was presupposed throughout the Isthmian case.[8] Indeed, the decision of the Supreme Court in Hust v. McCormack Lines,[9] handed down while

---

wrong may be distinguishable, they look the same way. Portland Gold Mining Company v. Stratton's Independence Ltd., 8 Cir., 1907, 158 F. 63, 16 L.R.A.,N.S., 677; Brobston v. Burgess and Town Council of Borough of Darby, 1927, 290 Pa. 331, 138 A. 849, 54 A.L.R. 1285.

4. See, for example, the division of the Court of Appeals of New York in Elder v. New York & Pennsylvania Motor Express, Inc., 1940, 284 N.Y. 350, 31 N.E. 2d 188, 133 A.L.R. 176.

5. See particularly Bernhard v. Bank of America Nat. Trust & Savings Association, supra, and Coca-Cola Company v. Pepsi-Cola Company, supra.

6. "* * * the question of who is concluded by a judgment has been obscured by the use of the words 'privity' and 'privies', which in their precise * * * meaning in law are scarcely determinative always of who is and who is not bound by a judgment. Courts have striven sometimes to give effect to the general doctrine that a judgment is only binding between parties and privies by extending the significance of the word 'privies' to include relationships not originally embraced in it, whereas the true reason for holding the issues *res judicata* does not necessarily depend upon privity, but on the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy." Taylor v. Sartorious, 1908, 130 Mo.App. 23, 108 S.W. 1089, 1094.

7. 1947, 332 U.S. 155, 67 S.Ct. 1569, 91 L. Ed. 1968, followed in Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317.

8. The district court expressly found that Isthmian Steamship Co. was owner *pro hac vice*. D.C., 66 F.Supp. 210, 212. This issue was not contested on appeal.

9. 1946, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534.

the Isthmian case was pending on appeal in this court seemed to require that the "agent" be held responsible.

We are satisfied that the subsequent change of position of the Supreme Court on this issue of responsibility does not affect the applicability of *res judicata* in this case. The Isthmian trial was not deprived of legal significance by the Caldarola case any more than it would have been affected by a subsequent statute changing the responsibility of "agents" similarly situated. The issue of negligence in the Isthmian case was real and its decision was legally significant. The Caldarola decision did not in any sense vacate, or set aside the Isthmian judgment. Appellant's argument establishes no more than that, if the Isthmian suit had been filed at a later date, the issue of negligence would never have been reached because a complete defense would have been available on the face of the pleadings. That circumstance does not affect the basis of our decision.

## III

The opinion of the district court indicates that the lack of responsibility of the United States to Bruszewski for seaworthiness was decided as a matter of law on facts appearing on the face of the pleadings, rather than by application of *res judicata*. At most, the Isthmian decision was treated as a controlling precedent against the claim of a longshoreman repairing a ship that the seaworthiness of the structure under repair is warranted to him. The district court correctly concluded that the reasoning and rule which defeated the claim of warranty in the earlier case require the same conclusion now.

The judgment will be affirmed.

GOODRICH, Circuit Judge (concurring).

While I agree with the result reached in this case, the grounds upon which it is reached by the majority present a theory of res judicata which seems to me somewhat unusual. I should like to avoid commitment upon accepting these grounds until such commitment becomes a necessary part of the decision of a case.

The difference between Judge Hastie's analysis and my own will be brought out by the following hypothetical case:

A brings an action against B for infringement of a patent. B defends on the ground that the alleged patent was void and obtains judgment. A brings an action for infringement of the same patent against C who seeks to interpose the judgment in favor of B as res judicata, but setting up no relation with B.

I gather that Judge Hastie would say that A has had his day in court, has lost and should not have another chance. On this I should, as at present advised, disagree. The hypothetical case put is Illustration 10 to Section 93 of the Restatement of Judgments.

My view of the law is that a man having had his day in court is collaterally estopped by the judgment rendered in the lawsuit as against his opponent. He is likewise estopped as to persons sufficiently close to that opponent to make it fair to have the estoppel run against them also. This last phrase is, I take it, what is meant by "privity." Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.

I think that here the relationship between the operating ship company and the United States was close enough so that what binds one should bind the other and, by the same token, what frees one should free the other as against the same plaintiff. So I think Bruszewski was bound in second suit by the judgment against him in the first.

As I read the Restatement of Judgments the views set out above are supported by the propositions stated and discussed in Sections 93 and following. And Grief v. Dullea, 1944, 66 Cal.App.2d 986, 153 P.2d 581, seems right on the point.