**GIBSON v. UNITED STATES.**

**No. 11176.**

United States Court of Appeals
Third Circuit.

Argued March 19, 1954.

Decided April 7, 1954.

Abraham E. Freedman, Philadelphia, Pa., for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Springer H. Moore, Jr., Rowland C. Evans, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and STALEY, Circuit Judges.

PER CURIAM.

This is a suit in admiralty brought by a seaman (now deceased) against the United States as owner and operator of the vessel upon which through a succession of heart attacks he became disabled. The liability of the United States is alleged by the libellant to be predicated upon an unseaworthy throttle, the use of which was asserted to have brought on one of the attacks, upon the negligence of the master of the vessel in failing to provide proper care and attention for the libellant, and, finally, upon the negligence of a medical officer of the United States Public Health Service in improperly advising the master as to the treatment to be given to libellant. It appeared that in a prior suit by the libellant against the general agent of the vessel based upon the alleged unseaworthiness of the vessel and the negligence of the master a verdict was rendered in favor of the defendant and judgment was entered thereon. Gibson v. International Freighting Corporation, 3 Cir., 1949, 173 F.2d 591, certiorari denied 338 U.S. 832, 70 S.Ct. 78, 94 L.Ed. 507. In the present case the district court, after hearing, dismissed the libel, holding that the judgment against the libellant in his prior suit against the general agent rendered the issues of unseaworthiness and negligence of the master res judicata and that the treatment prescribed for the libellant by the medical officer of the Public Health Service was not inconsistent with good medical practice. In view of these conclusions the district court did not pass upon the respondents' contention that the libellant's tort claim against the United States based on the negligence of the medical officer of the Public Health Service could not be asserted in a libel filed under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

We are satisfied that the libel was rightly dismissed for the reasons stated in the opinion filed by Judge Kalodner. 112 F.Supp. 855. The conclusion that the first two issues were res judicata was compelled by the rule laid down in Bruszewski v. United States, 3 Cir., 1950, 181 F.2d 419, certiorari denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632. The conclusion that the medical officer of the Public Health Service was not guilty of negligence necessarily follows from the court's finding that the treatment which he prescribed for the libellant was not inconsistent with good medical practice. While there was a conflict in the medical testimony there was substantial support in the testimony for such a finding and we cannot say that it was erroneous.

The decree of the district court will be affirmed.