Burke, J. (dissenting).
I would affirm. The public interest in preventing repetitious litigation warrants barring the Molino family from a second contest of the same issues. In Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307, Judge Cardozo wrote “ A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interest established by the first (Cromwell v. County of Sac., 94 U. S. 351; Reich v. Cochran, [151 N. Y. 122]) ”. In other words, Judge Cardozo was saying that if the issue or issues in the second action were material and necessarily involved in the first action, the threat of impairment must be present.
In this case the determination made on each of the several issues in the former suit was essential to the judgment, therefore, all issues are precluded from further contest. If Prodoti had been denied recovery in the former suit because he was contributorily negligent, the Molinos could bring suit and collateral estoppel would not lie because the finding that Carol Ann Molino was negligent was not “ necessary ” or “ essential to the earlier judgment ”. (See Rosenberg, Collateral Estoppel in New York, 44 St. Johns L. Rev. 165, 182.) Here, on the other hand, the finding of freedom from contributory, negligence supported the judgment.
Of course, Joseph Molino’s liability is merely derivative. He could not be held liable in the former suit unless his daughter, Carol Ann Molino, the operator of the car owned and insured by Joseph Molino had not only been found to be negligent, but in addition that the plaintiff Prodoti had to prove he was free *51 from contributory negligence. Therefore, if those specific issues were necessarily determined in the former suit, Blanche Molino, the mother, a distributee and now legal representative of Carol Ann Molino, is collaterally estopped from relitigating the same issues. Moreover, since Carol Ann Molino was found to be negligent in the former suit in the Federal court she, and her legal representative, are precluded from recovering in any action involving the same accident under the laws of New York. Under New York law, if Carol Ann Molino was in the slightest degree contributorily negligent, she, and if she died after the service of the complaint, her legal representative, would not be permitted to recover either against Prodoti or the County of Putnam on any cause of action.
A resort to abstract notions and generalities relating to privity or causes of action for wrongful death or pain and suffering is not appropriate. The latter are just tags — all are suits in negligence. Privity ‘ ‘ is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata” (Bruszewski v. United States, 181 F. 2d 419, 423 [3d Cir; conc. opn.]). Carol Ann Molino would have been a defendant in the former suit as an insured if she were alive and would have been represented by the same counsel. Her mother and her father as distributees, and her creditors, if any, now cannot argue that there is a lack of privity because Carol Ann died after the accident and before she was made a party. Their interests in the accident depend on whatever favorable claims on the issues of negligence Carol Ann Molino as the driver-participant could establish to the satisfaction of the jury in the former suit. Therefore, it is necessary to consider this case on the issues that were presented, tried and decided in the Federal court.
The only three essentials to be established are: 1) that the issues in question are identical with the issues in the prior action; 2) that it was necessary to the earlier determination, and 3) that it was “ actually litigated ”. (Restatement, Judgments, § 68 [1942]; see Schwartz v. Public Administrator, 24 N Y 2d 65, 69, 72, 74; B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141, 148.) To that end we must turn to the record in the former *52 suit and particularly the charge to the jury in the former suit (Prodoti v. Molino) to determine whether the same issues would arise in this case as were raised in the former suit.
The charge of Judge Mansfield in the Federal court was thorough. He stated that the theory of the plaintiff’s case was that the accident was caused by negligence on the part of Carol Ann Molino in operating the auto at a dangerous and excessive rate of speed and in a reckless manner. He pointed out that the defendant denied any such negligence and contended that the plaintiff has failed to show that he himself was free of contributory negligence. In order to recover, the Judge advised the jury, the plaintiff had to bear the burden of establishing by a fair preponderance of evidence three elements: 1) that the driver of the car was negligent; 2) that her negligence was the proximate cause of his injuries, and 3) he himself was free from contributory negligence. He discussed in detail the standards of due care. He then summarized the high points of the evidence given by the plaintiff, his cross-examination and the evidence of all surrounding circumstances found immediately after the accident and attested to by the police officers, and photographs. He then emphasized that the defendant questioned the plaintiff’s credibility and added that the defendant argued that the marks on the road rather than indicating reckless and excessive speed, established the fact that the defendant, Carol Ann Molino, had applied the brakes for a distance of 225 feet. The defendant argued that the cross-examination of Prodoti, the plaintiff, indicated that the accident might have been caused by some other cause, whether it was a defect in the car or conduct on the plaintiff’s part, rather than of negligence on the part of the driver.
Judge Mansfield then went on to explain that even if the driver was negligent the plaintiff had to convince them that her negligence was the proximate cause of the plaintiff’s injuries, that is, that there must be a causal connection between any negligence on the part of the driver and the plaintiff’s injuries. He stated “proximate cause of an injury is a cause which in a natural and continuous sequence unbroken by any new cause produces the injuries and without which the injuries would not have occurred.” The court again carefully instructed *53 the jury that if the driver’s negligence was the proximate cause of the accident, they had to further decide whether the plaintiff had proven by a fair preponderance of the evidence that he himself was free from contributory negligence. In that regard he cautioned the jury that it is the duty of a passenger to exercise such due care for his own safety and to take such precautions as an ordinarily prudent person would take under the circumstances to protect himself against any dangers that might result from the driver’s negligent operation of the vehicle. Finally he emphasized that their decision had to be made in view of the contentions made by the defendant regarding the evidence given by the plaintiff, Prodoti’s knowledge of the driver’s state of mind immediately prior to her driving off and whether or not he could have proceeded or taken any action such as turning off the ignition, fastening the seat belt or the like, that would have avoided his being injured. The court then referred to the cross-examination which the defendant said established by inference that there had been arguments between the plaintiff and Miss Molino, that Prodoti was aware of and contributed to her state of mind and that should have made him realize that she was likely to do something on the spur of the moment, as to place him on an alert. The court again reminded the jury that the defendant charged that Prodoti was not telling the whole story and that if he has failed to show that the accident did not result from contributory negligence on his part that they had to find for the defendant, Joseph Molino.
Thus the trial court clearly indicated to the jury that if Prodoti could be found to be responsible in the slightest degree for contributory negligence, he could not recover. In conclusion the Judge admonished the jury on their obligation to apply common sense, experience, judgment and their observations in the courtroom to adjudge the credibility of Prodoti and indeed to take into consideration whether the witness was motivated by some other interest rather than in telling the truth. As to the critical cross-examination, the record shows that the issue of Prodoti’s contributory negligence was fully developed on cross-examination by the defense counsel. Prodoti admitted to defense counsel that Carol Ann Molino and he had ah argument and that she was upset because he had refused to drive to Mt. Kisco with her to visit her girl friend in a hospital. He *54 conceded that on the way to the restaurant they had a further discussion and that she was still upset. He also stated he took no action to prevent the accident. This brief statement of the evidence given by Prodoti on cross-examination illustrates that the jury was aware from the cross-examination, as well as the summation, that the defense was attempting to show that the plaintiff Prodo ti’s conduct co-operated in causing the injuries. The law in New York State, as above stated, is that if the plaintiff was guilty of contributory negligence in the slightest degree, the plaintiff may not recover. It is clear that Blanche Molino, as the representative of Carol Ann Molino who was found guilty of negligence far beyond the slightest degree by the jury in the former suit after it had been carefully charged on the burden of proof, proximate cause, reasonable care and credibility, is hardly in a position to recover in relitigating the identical issues. The degree of Carol Ann Molino’s negligence is not a factor, however slight her negligence might have been. If it contributed to the injury it must be said to be the proximate cause and bar recovery. (Fitzpatrick v. International Ry. Co., 252 N. Y. 127, Ann. 68 A. L. R. 809.)
In conclusion it is only necessary to point out that the Molinos had a “ full and fair opportunity ” in a trial on issues that are identical. Under these circumstances the defendants have established the sole prerequisites for invoking collateral estoppel (Schwarts v. Public Administrator, supra). In that case the danger of ‘ ‘ inconsistent results which are always a blemish on a judicial system ” was eliminated.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Fund and Judges Bergan and Breitel concur with Judge Gibson; Judge Burke dissents and votes to affirm in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed, etc.