28 F.3d 1209
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger HENDERSON, Plaintiff-Appellant,
v.
Ray KESSLER; Edward W. Murray; David A. Williams; Tien D.
Nguyen, M.D., Defendants-Appellees,
and
VIRGINIA DEPARTMENT OF CORRECTIONS; Powhatan Correctional
Center; Commonwealth of Virginia; Medical College of
Virginia; Sheriff's Department, County of Henrico;
Sheriff's Department of the City of Richmond; Donald L.
Boswell; Andrew Winston; Stanley Furman, M.D.; John Doe;
Jane Doe, Defendants.
Roger HENDERSON, Plaintiff-Appellee,
v.
Tien D. NGUYEN, M.D., Defendant-Appellant,
and
Ray KESSLER; Edward W. Murray; David A. Williams;
Virginia Department of Corrections; Powhatan Correctional
Center; Commonwealth of Virginia; Medical College of
Virginia; Sheriff's Department, County of Henrico;
Sheriff's Department of the City of Richmond; Donald L.
Boswell; Andrew Winston; Stanley Furman, M.D.; John Doe;
Jane Doe, Defendants.
 Nos. 93-6222, 93-6223.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 9, 1994.
Decided June 20, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-91-346-R)
 Argued: Richard D. Heideman, The Heideman Law Group, P.C., Chevy Chase, MD, for Appellant.
 Pamela Anne Sargent, Assistant Attorney General, Office of the Attorney General, Richmond, VA, for Appellees Kessler, Murray, and Williams; Sandra Morris Holleran, McGuire, Woods, Battle & Boothe, Richmond, VA, for Appellee Nguyen.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON and WILLIAMS, C.J., and OSTEEN, U.S.D.J., for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In August 1988, Appellant Roger Henderson was transported in a prison van by officers of the City of Richmond Sheriff's Department to Henrico County Jail in Virginia. While en route, the driver of the van slammed on the brakes to avoid an accident. Henderson, who was handcuffed and shackled, was thrown against the interior of the van and another prisoner was thrown on top of him, thereby pinning Henderson against the inside of the vehicle.
 
 
 2
 While in the Henrico County Jail, Henderson experienced increasing pain in his lower extremities, followed by a loss of sensation. On March 7, 1989, he was transferred to Powhatan Reception and Classification Center (PRCC) for six weeks of evaluation and classification, and then to Powhatan Correctional Center (PCC) until his May 24, 1990, parole release. Henderson claims his physical and neurological conditions continued to decline at PRCC and PCC. Henderson attributes his deteriorating conditions to the denial of access to medical care and appropriate treatment for the injuries sustained in the van incident[1] and the lack of proper facilities for the handicapped.
 
 
 3
 The record shows, however, that Henderson was seen repeatedly by prison doctors and specialists at the Medical College of Virginia (MCV). After filing numerous inmate grievances concerning the purported inadequacies of the medical care, Henderson brought this action under 42 U.S.C. Sec. 1983 (1988), against Director of the Virginia Department of Corrections Edward W. Murray, Deputy Director of the Virginia Department of Corrections Ray Kessler, PCC Warden David A. Williams, and PCC physician Dr. Tien D. Nguyen. Henderson claims that his permanent injuries were proximately caused, in direct violation of the Eighth Amendment, by the deliberate indifference of Murray, Kessler, and Williams in failing to establish proper policies and procedures governing appropriate medical care and of Dr. Nguyen in failing to render proper treatment.[2]
 
 
 4
 The district court granted summary judgment to Dr. Nguyen on the basis that his affidavit and deposition showed adequate efforts to meet Henderson's medical needs, and that Henderson failed to provide evidentiary support for his allegations of deliberate indifference. The court also granted summary judgment to the non-medical defendants, finding that a previous case brought by Henderson rendered his present action subject to the bars of res judicata and collateral estoppel. In addition, the court denied Henderson's Fed.R.Civ.P. 59(e) Motion for Reconsideration.
 
 I.
 
 5
 We turn first to a de novo review of the district court's order granting Appellees' summary judgment motions. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990).
 
 
 6
 To establish his Sec. 1983 claim against Dr. Nguyen, Henderson must show that Dr. Nguyen was deliberately indifferent to his serious medical needs. Wilson v. Seiter, 501 U.S. 294, ----, 111 S.Ct. 2321, 2323 (1991). For deliberate indifference to rise to the level of an actionable violation of the Eighth Amendment prohibition against cruel and unusual punishment, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). Hence, mere negligence or malpractice in diagnosis or treatment is not enough. Estelle v. Gamble, 429 U.S. 97, 106 (1976). " 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.' " Wilson, 501 U.S. at ----, 111 S.Ct. at 2324 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).
 
 
 7
 The record in this case shows that Dr. Nguyen, one of several attending physicians, saw Henderson frequently and referred him to specialists when necessary. The record is replete with voluminous documentation of almost constant medical care and supervision provided to Henderson, including frequent referrals to MCV on both inpatient and out-patient bases. Henderson's failure to provide any supported allegation of deliberate indifference or other admissible evidence showing the existence of a genuine issue for trial cannot rebut Dr. Nguyen's summary judgment motion and supporting affidavit and deposition. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985) ("[W]holly speculative assertions will not suffice."). Doctor Nguyen's actions simply do not approach the level of deliberate indifference proscribed by the Eighth Amendment. If mistakes were indeed made, they were mistakes of medical judgment impervious to judicial review in a Sec. 1983 action. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975).[3]
 
 II.
 
 8
 Henderson previously asserted his claims of deliberate indifference and inadequate facilities for the handicapped at PCC in a Sec. 1983 action against PCC Warden Williams and PCC medical personnel other than Dr. Nguyen. Henderson v. Williams, No. 89-1723-AM (E.D. Va. June 13, 1991) (Henderson I ). The Henderson I court granted Defendants' motion for summary judgment, finding that facilities at PCC were adequate to serve the specialized needs of the handicapped, and that Defendant physicians were not deliberately indifferent to Henderson's medical needs.[4] The issue of inadequate policies and procedures governing appropriate medical care was neither presented nor considered in Henderson I. Notwithstanding the absence of a direct adjudication of that issue, the district court disposed of the instant claims against the non-medical defendants by finding the Henderson I court
 
 
 9
 did determine that the Defendant's [sic] fulfilled their duty to protect the Plaintiff; that this implicitly includes their duty to establish policies may arguably be speculative, however, it is not necessary that the issue in question was actually raised in the previous action as long as it could have been raised.
 
 
 10
 (J.A. at 526, citing Allen v. McCurry, 449 U.S. 90, 94 (1980).).
 
 
 11
 Under res judicata, or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from relitigating issues that actually were raised or could have been raised in that action. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984). Collateral estoppel, or issue preclusion, bars the relitigation, in different causes of action, of factual or legal issues previously determined by a court as a necessary precursor to the entry of judgment. Id.
 
 
 12
 Henderson argues that, although Williams was a defendant in Henderson I, the cause of action and relevant issues in this case are different. However, Henderson cannot seriously challenge the full and fair opportunity, represented by Henderson I, to litigate his claims against Williams. The issues presented in this Sec. 1983 action could have been raised previously, and the district court properly disposed of Henderson's claims against Williams on the basis that those claims were therefore precluded.[5]
 
 
 13
 Henderson's verbatim claims against Kessler and Murray are also barred by claim preclusion because their interests are "aligned" with Williams in both the previous and current actions, Comite De Apoyo a Los Trabajadores Agricolas v. United States Dep't of Labor, 995 F.2d 510, 514 (4th Cir.1993), by the statutorily-created supervisory and managerial relationship between the governing officials of the Virginia Department of Corrections and the wardens of correctional facilities within their jurisdiction. Va.Code Ann.Sec. 53.1-10(1) (Michie 1991); see United States v. Manning Coal Corp., 977 F.2d 117, 121 (4th Cir.1992) (privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include the other within the res judicata.") (quoting Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir.1950) (Goodrich, J., concurring)).
 
 
 14
 We also note that Henderson's claims against Kessler and Murray lack substantive merit, for there has been no attempt to demonstrate, nor can we discern from the record, that the need for improved medical policies and procedures was "so obvious" or that the inadequacy of the existing policies and procedures was "so likely to result in the violation of constitutional rights" as to constitute actionable deliberate indifference. Mitchell v. Aluisi, 872 F.2d 577, 581 (4th Cir.1989) (quoting City of Canton v. Harris, 109 S.Ct. 1197, 1205 (1989)). Moreover, Kessler and Murray cannot be held accountable under a theory of supervisory liability for a subordinate's constitutional violation, absent a constitutional violation by that subordinate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir.1991), cert. denied, 112 S.Ct. 1172 (1992).
 
 
 15
 Finally, given the properly-entered order of summary judgment for Defendants Dr. Nguyen, Williams, Kessler, and Murray, we find the district court did not abuse its discretion in refusing to revisit that order, Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989), and affirm the district court's denial of Henderson's Motion for Reconsideration.
 
 III.
 
 16
 This action is an attempt by Henderson to revive a claim that has been already, or could have been, adjudicated. While his accident is unfortunate, Henderson failed to demonstrate deliberate indifference by the parties treating and evaluating him and by the parties in charge of the facilities in which he was housed. Therefore, there is no actionable Sec. 1983 claim and we affirm the district court's entry of summary judgment in favor of Dr. Nguyen, Williams, Kessler, and Murray.
 
 AFFIRMED
 
 
 [1]
 None of the medical evaluations indicated an organic cause for his paralysis. Instead, he was diagnosed as having hysterical conversional paraplegia but was treated functionally as a paraplegic. (Report of Nathan D. Zusler, M.D., Director, Brain Injury Rehabilitation Services, Med. Col. of Va. dated 10/26/89)
 
 
 [2]
 Henderson's Amended Complaint and Second Amended Complaint included allegations of due process violations, gross negligence, negligence, failure to diagnose, failure to treat, medical malpractice, negligent infliction of emotional distress, and loss of power to earn money. Other Defendants originally named in this action were eventually eliminated through a combination of voluntary dismissals and dispositive motions. The instant appeals focus solely on Henderson's Eighth Amendment claims
 
 
 [3]
 Given our affirmance of the district court's conclusion that Henderson's claims against Dr. Nguyen did not state a genuine issue for trial, we find it unnecessary to consider Dr. Nguyen's cross-appeal of the denial of his Motion to Dismiss the claims against him as barred by the statute of limitations
 
 
 [4]
 One claim reserved for ruling in Henderson I, concerning a loose handrail in a toilet facility, was dismissed after a factual hearing
 
 
 [5]
 We note that Henderson filed another Sec. 1983 action against other defendants during his brief incarceration at PRCC, alleging inadequate medical care and handicap facilities at that institution. Henderson v. Mahon, No. 89-1724-AM (E.D. Va. Mar. 4, 1991). No allegations of inadequate policies and procedures were asserted in that complaint. Henderson failed to object to the magistrate judge's recommended finding that the PRCC Defendants had not shown deliberate indifference to Henderson's medical needs. Henderson v. Mahon, No. 89-1724-AM (E.D. Va. Oct. 15, 1992)