

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# Creely v. Genesis Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Creely v. Genesis Health" (2006). *2006 Decisions.* Paper 918.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/918

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2919
_____

ROBERT CREELY,

Appellant

v.

GENESIS HEALTH VENTURES, INC.

(D.C. Civil No. 04-cv-00679)

_____


_____

No. 05-4498
_____

ROBERT CREELY,

Appellant

v.

CRESTVIEW CENTER

(D.C. Civil No. 05-cv-02080)

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge:  The Honorable R. Barclay Surrick
_____

Before:  SCIRICA, *Chief Judge*, NYGAARD and ALARCÓN,[*] *Circuit Judges*

(Filed: June 12, 2006)

---

OPINION OF THE COURT

---

ALARCÓN, *Circuit Judge*.

In these consolidated appeals, Appellant Robert Creely appeals from the District Court's judgment in favor of Appellee Genesis Health Ventures, Inc. ("Genesis") and its dismissal of his claim against Appellee Crestview Center ("Crestview").  Mr. Creely filed a complaint against Genesis, asserting a violation of 42 U.S.C. § 1981.  He later filed a complaint against Crestview, based on exactly the same set of facts, also asserting a violation of 42 U.S.C. § 1981.  He contends that Genesis and its subsidiary Crestview refused to hire him because he is Caucasian.  The District Court concluded that Mr. Creely had failed to demonstrate that there is a genuine issue of material fact in dispute.  Accordingly, it granted Genesis's motion for summary judgment.  It then dismissed the claim against Crestview as barred by the doctrine of claim preclusion.  We affirm.

---

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Mr. Creely argues that the District Court erred in concluding that he had failed to present evidence sufficient for a trier of fact to conclude by a preponderance of the evidence that the reason Genesis gave for refusing to hire him was pretextual. A district court's order granting a motion for summary judgment is subject to plenary review. *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005). A district court's order granting summary judgment "will be affirmed if it appears that 'there is no genuine issue as to any material fact and that [the appellee is] entitled to a judgment as a matter of law.'" *Id.* (quoting *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 354 (3d Cir. 2003)).

Claims brought under § 1981 follow the analytical framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Stewart v. Rutgers*, 120 F.3d 426, 432 (3d Cir. 1997). "First, the plaintiff must establish a prima facie case of discrimination. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant 'to articulate a legitimate, non-discriminatory reason for the employee's rejection.'" *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999) (quoting *McDonnell Douglas*, 411 U.S. at 802). If the employer articulates a legitimate, nondiscriminatory reason, "the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the reasons offered were not the true reasons, but were a pretext for discrimination." *Id.*

The only prong of the *McDonnell Douglas* test at issue in this case is the "pretext" prong. To survive summary judgment on the issue of pretext,

> the plaintiff generally must submit evidence which: 1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.

*Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994). "[I]f the plaintiff has pointed to evidence sufficiently to discredit the defendant's proffered reasons, to survive summary judgment the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case." *Id.* at 764. A plaintiff may discredit the defendant's proffered reasons by demonstrating "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's" proffered reasons. *Id.* at 765.

Here, Genesis presented evidence that Ms. McQuillan made the decision not to rehire Mr. Creely because his prior work performance was unacceptable. It relies on the testimony of Ms. McQuillan and Mr. Ginhart regarding Mr. Creely's past job performance, and the written reprimand he received.

Mr. Creely points to several reasons why this evidence is not worthy of belief. First, he contends that whatever performance issues Ms. McQuillan or Mr. Ginhart may have perceived, the hiring decision was made immediately by Mr. Kirkland at the beginning of

4

Mr. Creely's interview. Mr. Kirkland did not know Mr. Creely. In support of this position, Mr. Creely relies on the fact that Mr. Kirkland immediately told him he was on a do-not-hire list.

The evidence does not support Mr. Creely's contention. It is undisputed that Ms. McQuillan, not Mr. Kirkland, made the hiring decision. Ms. McQuillan testified in her deposition that she made the hiring decision. Mr. Creely's own deposition testimony supports Ms. McQuillan's testimony. Mr. Creely testified that Mr. Kirkland told him that he would seek to "overturn" Mr. Creely's placement on the do-not-hire list and that Mr. Creely should call him in two weeks. This remark left open the possibility that Mr. Creely might be hired. Additionally, Mr. Creely testified that Mr. Kirkland called him two weeks later and told him that Ms. McQuillan did not want him to be hired. Had the decision not to hire Mr. Creely because he was a Caucasian been made immediately by Mr. Kirkland, it would not have been necessary to request that Mr. Creely call him in two weeks. Additionally, it would not have been necessary for Mr. Kirkland to call Mr. Creely to inform him of the hiring decision.

Second, Mr. Creely maintains that the evidence shows that Mr. Kirkland lied to him in stating that he was on a no-hire list. Mr. Burk's letter, confirming that he was eligible for rehire, and testimony that there is no do-not-hire list, support Mr. Creely's position. However, the fact that Mr. Kirkland may have lied to Mr. Creely does not call into doubt

Genesis's proffered reason for failing to hire Mr. Creely. Mr. Kirkland's statement was made before the hiring decision. The decision not to hire Mr. Creely was made by Ms. McQuillan.

Third, Mr. Creely argues that in the letter he received from Scott Burk, Genesis's Region Human Resources Officer, Mr. Burk stated that Mr. Creely was eligible for rehire, and that Ms. McQuillan was unable to "shed any light" on why Mr. Kirkland would tell Mr. Creely he was not eligible for rehire. It is undisputed, however, that Ms. McQuillan informed Mr. Burk that she did not want Mr. Creely to be rehired.

Fourth, Mr. Creely attempts to cast doubt on Genesis's proffered reason based on the evidence that his work performance at Crestview was good. He offered into evidence two letters of recommendation that he had received from Genesis employees and favorable comments made by Ms. Breslin and Ms. Waters. However, "[p]retext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations." *Ezold v. Wolf, Block, Schorr, and Solis-Cohen*, 983 F.2d 509, 528 (3d Cir. 1992). In this case, the favorable recommendations Mr. Creely received several years before he worked at Crestview and Ms. Breslin's and Ms. Waters's general descriptions of Mr. Creely as being a "good employee" and "good nurse" do not call into question Ms. McQuillan's and Mr. Ginhart's observations about Mr. Creely's subsequent poor job performance at Crestview.

6

Fifth, Mr. Creely challenges Mr. Kirkland's credibility by presenting evidence that he is a "liar." This evidence is not sufficient to cast doubt on Genesis's proffered reason for refusing to hire Mr. Creely. Because it is undisputed that Mr. Kirkland did not make the decision not to hire Mr. Creely, his credibility is not central to any issue related to pretext.

Mr. Creely also seeks to establish pretext "by pointing to evidence from which a factfinder could reasonably conclude that discrimination was the more likely cause" of Genesis's decision. *Fuentes*, 32 F.3d at 767. He points to the testimony of several witnesses to establish that Mr. Kirkland had discriminated against other Caucasian nurses and that he treated African-American nurses more favorably than white nurses. "[P]roof of a discriminatory atmosphere may be relevant in proving pretext since such evidence 'does tend to add color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff." *Ezold*, 983 F.3d at 546. In this case, however, Mr. Creely has not presented evidence that Mr. Kirkland's actions infected the decisionmaking process at Crestview, even if Mr. Kirkland himself may have been discriminatorily motivated. *See id*. (concluding that stray remarks by a nondecisionmaker could not have infected decisionmaking process). Mr. Creely has failed to demonstrate that Genesis's reason for refusing to hire him was pretextual.

**II**

7

Mr. Creely argues that the District Court erred in granting Crestview's motion to dismiss. After Genesis argued in its motion for summary judgment that Mr. Creely should have sued Crestview instead of Genesis, Mr. Creely brought an identical claim against Crestview. After the District Court granted Genesis's motion for summary judgment, it dismissed Mr. Creely's claim against Crestview based on claim preclusion. Our standard of review of a district court's dismissal under Fed. R. Civ. P. 12(b)(6) is plenary. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). "A Rule 12(b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Id.* at 351 (quoting *D.P. Enter, Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984); *Richardson v. Pa. Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1977)).

When there has been a final judgment on the merits in one lawsuit, a subsequent lawsuit involving the same cause of action and the same parties or their privies is precluded. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Here, the record shows that there has been a final judgment on the merits in Mr. Creely's case against Genesis, and that Mr. Creely has asserted the same cause of action, based on the same facts, against Crestview. The question is whether Crestview and Genesis are privies.

Mr. Creely argues that Crestview should be judicially estopped from arguing that it

8

is in privity with Genesis because in Genesis's motion for summary judgment, Genesis argued that it was not related closely enough to Crestview to be held liable for Crestview's actions. Under the doctrine of judicial estoppel, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Here, Genesis did not succeed in its argument that it and Crestview were not closely related. The District Court did not consider Genesis's argument in ruling on the motion for summary judgment. Therefore, judicial estoppel does not foreclose Crestview's current position. *See id.* at 750 ("[C]ourts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . .").

"[W]here, as in this case, *res judicata* is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of *res judicata* beyond any definable categories of privity between the defendants." *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950). The defendant invoking claim preclusion must demonstrate only that a "close or significant relationship" exists with the previous defendant. *Gambocz v. Yelencsics*, 468 F.2d 837,

9

841 (3d Cir. 1972). As Mr. Creely explained in his brief regarding his case against Genesis, a close relationship exists between Genesis and Crestview. His claim against Crestview is precluded.

### III

We affirm the judgment of the District Court in favor of Genesis. We also affirm the dismissal by the District Court of Mr. Creely's claim against Crestview.